THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* TRAICHO STEFANOV, Defendant-Appellant.

First District (2nd Division)    No. 80-289

Opinion filed February 3, 1981.

Gaynes & Moltz, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Lawrence T. Krulewich, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Traicho Stefanov, was charged by complaint with the offenses of damage to city property, eluding police, negligent driving, avoidance of signals and battery. Following a bench trial defendant was found guilty of all offenses charged and was sentenced to concurrent terms of 20 days work release for battery and eluding police, $110 fine for negligent driving, $35 fine for avoidance of signals, and $35 fine for damage to city property. The sole issue presented for our review pertains to the soundness of the trial court's decision to deny the defense motion for a continuance.

For reasons hereinafter set forth, we reverse and remand for further proceedings not inconsistent with this opinion.

The incident giving rise to the offenses with which defendant was charged occurred on April 8, 1979. The case was first set for trial on May 10, 1979, and defendant was granted a continuance until July 17, 1979. On July 17, 1979, defendant and his counsel appeared and requested a second continuance. Defense counsel informed the court that he was awaiting the report of an investigation of the incident being conducted by the police department Office of Professional Standards and tendered to the trial judge a copy of a letter from the police department verifying the pending investigation. An unidentified officer interjected that the investigation had been completed, and the trial judge ordered counsel to proceed to trial. Counsel reiterated that the investigation had not been completed and that the report had not been prepared. He also informed the court that he had two witnesses who were not present in court and who had been examined by the Office of Professional Standards. Counsel further informed the court that it would be impossible to bring the witnesses into court for trial that afternoon. The trial court again refused to continue the case and indicated that trial would begin after a brief recess.

Following the recess, counsel informed the court that he had tele-

phoned the Office of Professional Standards during the recess and had spoken with a Miss Feliciano who had confirmed that the investigation had not been completed and was being conducted by an Investigator Stilstra. Again the unidentified police officer remarked that the investigation was over, and the trial judge demanded that trial begin. Pleas of not guilty were entered by defendant, and the State presented its case. When the State rested, defense counsel requested the opportunity to make offers of proof concerning the report of the Office of Professional Standards and the testimony of the witnesses. The trial court informed counsel that no offer of proof would be allowed.

■■ By statute in Illinois, the granting or refusing to grant a motion for continuance lies within the sound discretion of the court (Ill. Rev. Stat. 1977, ch. 38, par. 114—4(e)), and even absent specific grounds stated in the sundry subsections, the court may grant a continuance in the "interests of justice" (Ill. Rev. Stat. 1977, ch. 38, par. 114—4(d) and (f)). (*People v. Lott* (1977), 66 Ill. 2d 290, 296, 362 N.E.2d 312.) Section 114—4(h) provides the framework of statutory interpretation for the decision: the continuance provisions are to be construed "to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." (*Lott*, at 296.) Whether there has been an abuse of discretion in denying a motion for a continuance depends upon the particular facts of each case. *People v. Street* (1971), 133 Ill. App. 2d 536, 541, 273 N.E.2d 172.

■■ Where the defendant has requested a continuance for the purpose of procuring witnesses or additional evidence, it is incumbent upon him to make an offer of proof and to demonstrate the materiality of the evidence he expects to produce. (*People v. Dalzotto* (1977), 55 Ill. App. 3d 995, 999, 371 N.E.2d 859; *People v. Boyce* (1977), 51 Ill. App. 3d 549, 559, 366 N.E.2d 914.) Such offers function in much the same way as an offer made with regard to the testimony of a witness who is already on the stand. (*Boyce*, at 559-60.) The right to offer proof is almost absolute, subject only to the court's discretion to reasonably restrict repetitious effort to offer the same or substantially the same type of proof which has been previously offered and its reception denied. (*People v. Camel* (1973), 10 Ill. App. 3d 1022, 1029, 295 N.E.2d 270.) In deciding whether to grant a continuance the court must exercise its judgment not only as to the admissibility of the proffered evidence in conventional terms but also as to whether circumstances warrant continuance. *Boyce*, at 560.

■■ In the case at bar defendant was denied the opportunity to make an offer of proof so as to demonstrate the materiality of the results of the pending investigation by the Office of Professional Standards. "[B]y refusing counsel an opportunity to present his offer of proof the court denied itself the data which it required in order to exercise an informed

discretion." *Street*, at 541.) In addition, defense counsel informed the trial judge in open court that he had telephoned the Office of Professional Standards during the recess and had spoken with a Miss Feliciano who had confirmed that the investigation had not been completed but was still pending and being conducted by an Investigator Stilstra. In *People v. Blumenfeld* (1928), 330 Ill. 474, 489, 161 N.E. 857, our supreme court said:

> "While it is highly important that justice should be speedily meted out and that criminals should be punished with celerity and dispatch, it is much more important that before punishment should be inflicted upon a person accused of crime full opportunity should be given to place the court in possession of all the facts bearing upon the question of the guilt or innocence of the accused, so that the court and jury may ascertain the truth as to whether or not the person accused is, in fact, guilty of the crime."

We conclude that the trial court failed to properly exercise its discretion in denying defendant's motion for a continuance, and for that reason the judgment must be reversed and the cause remanded for a new trial.[1]

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.

---

[1] Our holding renders it unnecessary to consider whether defendant failed to exercise diligence to insure the presence of his witnesses.