(No. 80673.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. WILLIE THOMPKINS, Appellant.

*Opinion filed January 23, 1998.*

4

Terri L. Mascherin, Gretchen M. Livingston, Cathryn E. Albrecht, Kristina M. Entner and Erika R. George, of Jenner & Block, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb and Joan F. Frazier, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

The defendant, Willie Thompkins, was convicted in the circuit court of Cook County of the murders of two individuals and sentenced to death. On direct appeal, this court affirmed defendant's convictions and death sentence. *People v. Thompkins*, 121 Ill. 2d 401 (1988).

Defendant sought post-conviction relief in the Cook County circuit court. His supplemental post-conviction petition, along with an addendum, alleged 34 separate grounds for relief. The circuit court dismissed the entire petition without conducting an evidentiary hearing. This court affirmed the circuit court's dismissal of 33 of

the 34 claims raised therein. *People v. Thompkins*, 161 Ill. 2d 148 (1994). We, however, reversed the circuit court's dismissal of one portion of claim XV, which alleged that defendant was denied effective assistance of counsel at his sentencing hearing because his counsel failed to adequately investigate and present mitigating evidence. We remanded the cause to the circuit court and directed it to conduct an evidentiary hearing on this claim.

The circuit court conducted the evidentiary hearing and concluded that defendant was not denied effective assistance of counsel at sentencing. Consequently, the circuit court denied the only claim that had remained in defendant's post-conviction petition. Defendant appeals directly to this court from that denial. 134 Ill. 2d Rs. 603, 651(a). For the reasons that follow, we remand this cause with directions to reopen the evidentiary hearing.

## FACTS

As noted, defendant filed a post-conviction petition alleging, in relevant part, that he was denied effective assistance of counsel at sentencing because his counsel failed to adequately investigate and present mitigating evidence. In support of this claim, defendant attached to the petition the affidavits of his parents, siblings, children, a friend, and coworkers. This court reviewed those affidavits and concluded that they consisted of new evidence and that they were not duplicative of certain letters submitted at the sentencing hearing. *Thompkins*, 161 Ill. 2d at 166. After reviewing the affidavits, this court was "not sure" whether "live testimony" from those individuals who knew defendant well "would not have provided the sentencing judge with a more complete portrayal of the defendant." *Thompkins*, 161 Ill. 2d at 167. We therefore directed the circuit court to conduct an evidentiary hearing on this claim.

The evidentiary hearing commenced on December 4, 1995. Because we determine that the evidentiary hearing must be reopened, we review only those facts pertinent to our holding. At the hearing, defendant presented the testimony of his trial counsel, several mitigation witnesses, and an investigator. He also testified on his own behalf. In addition, defendant tendered other testimony and evidence that the circuit court excluded from consideration.

In particular, before the evidentiary hearing began, defendant sought to include expert witnesses on his witness list. The State filed a motion *in limine* to preclude their testimony. The State maintained that this court's remand order did not contemplate the use of expert testimony at the evidentiary hearing, that defendant was attempting to raise a new claim, and that defendant had waived any claim not specified in his postconviction petition.

At the hearing on the motion *in limine,* defendant described the nature of the proffered expert testimony. Dr. Michael Gelbort was a psychologist who had assessed defendant with psychological testing. Dr. Myra Levick was an art therapist and psychologist who had examined one of defendant's daughters. Jeffry Eno was a social worker and mitigation specialist from the Capital Resource Center who would testify as to what types of mitigating evidence were available in 1982, the year defendant's sentencing hearing was conducted. Lastly, W. Jameson Kunz was an expert in defending capital cases and would testify that defense counsel's performance at sentencing fell below standards prevailing at the time.

The circuit court took the matter under advisement. The following day, the court granted the State's motion *in limine.* The court correctly noted that it is within the trial court's discretion whether to permit the introduc-

tion of expert testimony and that the threshold requirement for its admission is that the proffered testimony be of assistance to the court or jury. See *People v. Hall*, 157 Ill. 2d 324, 339-40 (1993). Stating that the proffered expert testimony would be of no assistance to him, the circuit judge ruled that he would not hear any expert testimony.

Later, during the evidentiary hearing, defendant filed a motion for reconsideration of the circuit court's ruling precluding expert testimony or, in the alternative, leave to make offers of proof. The motion requested leave to make the offers of proof via live testimony or, in the alternative, by way of affidavit. The motion included a brief summary of the substance of the experts' testimony and was supported with over 80 pages of affidavits, exhibits, and resumes from the expert witnesses.

In response, the State filed a motion to strike all the materials attached to the motion to reconsider, which the circuit court granted. The circuit court then denied defendant's request to make offers of proof of the four experts' testimony, with one exception. The court allowed the affidavit of mitigation specialist Jeffry Eno to be included in the record. The court refused to allow a live offer of proof from Eno, even though he was on the witness stand. Defendant then attempted to submit a portion of Eno's testimony as fact testimony, not expert testimony. The circuit court refused an offer of proof of Eno's fact testimony as well. The circuit court concluded that an oral offer of proof would "merely be corroborative with what you attempted to get into the record with this 12-page affidavit. I don't need that offer of proof. Neither does the Supreme Court."

Just before closing arguments, defendant again raised the issue of offers of proof. The circuit court repeated its earlier ruling that it would not allow offers

of proof on expert testimony or Eno's fact testimony. The court also stated that, with the exception of Eno's affidavit, no experts' affidavits should appear in the record because they had been ordered stricken.

Also, near the end of the hearing, defendant filed the affidavits of two additional mitigating witnesses, Clarence McKay and Eddie Madgett. Defendant did not call these witnesses to testify in person. Defendant claimed that he was submitting the two affidavits in lieu of live testimony in the interest of concluding the hearing and because of a scheduling conflict. The State moved to strike these two affidavits. The State argued that defendant sought to use the affidavits rather than live testimony as a means to prevent the State from cross-examining McKay and Madgett. The circuit court granted the State's motion to strike. Defendant never sought to make offers of proof of the affidavits of McKay and Madgett.

In addition, at the evidentiary hearing, the circuit court excluded the testimony of Karen Popek, defendant's attorney on direct appeal. The circuit judge allowed an offer of proof of Popek's testimony to be given. At the State's suggestion, however, the judge left the courtroom during this offer of proof. Defendant's attempt to persuade the circuit judge to remain in the courtroom to hear the offer was unavailing.

Popek testified that she obtained a copy of defense counsel's trial file from him when she began representing defendant on appeal. Defendant's offered exhibit of the trial file represents the entire file as she obtained it. Further, defense counsel told Popek that defendant was a "great guy" whom he "really liked." He never said that defendant had been uncooperative. Defendant was forthcoming with Popek and never failed to respond to her requests.

After considering the evidence admitted at the evi-

dentiary hearing, the circuit court held that defendant was not denied effective assistance of counsel at his sentencing hearing. Accordingly, the circuit court denied defendant's post-conviction petition and affirmed his death sentence. The circuit court entered this final judgment on January 11, 1996.

On February 9, 1996, defendant moved to vacate the judgment and submitted a memorandum of law in support of that motion accompanied by all the material ordered stricken from the record. The stricken material includes the more than 80 pages of information by defendant's proffered experts and the affidavits of McKay and Madgett. The State again moved to strike all this material. The circuit court granted the State's motion. This appeal followed.

Despite the foregoing events, all the materials that the circuit court ordered stricken from the record are contained in the record on appeal. The State filed a motion in this court to strike all these materials from the record on appeal. This motion has been taken with the case.

Additional facts are presented in the analysis portion of the opinion where required.

## ANALYSIS

### I

Defendant contends that the circuit judge erred in refusing to allow him to make offers of proof, in leaving the bench during an offer of proof, and in ordering his attempted offers of proof to be stricken from the record. We agree that this combination of events resulted in error.

Trial courts are required to permit counsel to make offers of proof, and a refusal to permit an offer generally is error. *People v. Stefanov*, 93 Ill. App. 3d 85, 87-88 (1981); *In re Estate of Undziakiewicz*, 54 Ill. App. 2d 382,

385 (1964); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.7, at 24 (6th ed. 1994) (hereinafter Graham); *cf.* J. Strong, McCormick on Evidence § 51, at 195 n.7 (4th ed. 1992) (hereinafter McCormick) (federal rule similar). An adequate offer of proof is the key to preserving a trial court's error in excluding evidence. *People v. Andrews*, 146 Ill. 2d 413, 420-21 (1992). The two primary functions of an offer of proof are to disclose to the trial judge and opposing counsel the nature of the offered evidence, enabling them to take appropriate action, and to provide the reviewing court with a record to determine whether exclusion of the evidence was erroneous and harmful. *People v. Sanchez*, 131 Ill. 2d 417, 425 (1989); see *Andrews*, 146 Ill. 2d at 421; Graham § 103.7, at 21; *cf.* McCormick § 51, at 196 n.8 (federal rule similar).

Illinois courts of review have not hesitated to remand cases for new trials where circuit judges have mishandled attempts by defendants to make offers of proof on excluded evidence. In *People v. Eckert*, 194 Ill. App. 3d 667 (1990), defense counsel was attempting to cross-examine a young victim who alleged that her father had abused her. The State objected to the attempted cross-examination, and the circuit court sustained the objection. The circuit court then refused to allow defense counsel to make an offer of proof of the victim's testimony. When defense counsel persisted in his attempt to proffer evidence, the court responded, "Turned off my hearing aid, can't hear a word you are saying." Later in the trial, defense counsel attempted to cross-examine a child abuse investigator. The court again sustained the State's objection. This time the court allowed defense counsel to make an offer of proof, but ordered that it be done outside the presence of the circuit judge and jury. On appeal, the appellate court held that the circuit court's conduct regarding the offers

of proof was "impermissible" and, when combined with the circuit court's expressed hostility toward defense counsel, deprived the defendant of a fair trial. *Eckert*, 194 Ill. App. 3d at 675. The appellate court therefore reversed the defendant's conviction and remanded for a new trial. *Eckert*, 194 Ill. App. 3d at 675.

Similarly, in *People v. Pressley*, 160 Ill. App. 3d 858 (1987), the circuit court in a bench trial refused to permit defense counsel to make an offer of proof of excluded witness testimony. The appellate court held that this error, when considered with the judge's other expressions of hostility toward the defendant, denied him a fair trial. *Pressley*, 160 Ill. App. 3d at 865. The appellate court therefore reversed the defendant's convictions and remanded for a new trial. *Pressley*, 160 Ill. App. 3d at 865.

The circumstances in the present case are even more egregious than in *Eckert* and *Pressley*. Here, the circuit judge refused to hear defendant's offers of proof concerning the testimony of not just one or two witnesses, but a total of five witnesses, which included four expert witnesses and two fact witnesses. (Jeffry Eno was offered as both an expert and a fact witness.) Four of these witnesses were clearly available to provide offers of proof by way of live testimony. The circuit court, however, repeatedly refused to allow defendant the opportunity to make his offers of proof and at one point stated: "I don't need that offer of proof. Neither does the Supreme Court." Furthermore, during the defendant's offer of proof of Karen Popek, the circuit judge left the courtroom and refused to hear it. The circuit judge's conduct in this regard is not unlike that of the judge in *Eckert*, who refused to listen to an offer of proof by turning off his hearing aid. Lastly, the circuit court repeatedly struck from the record the materials which defendant sought to submit for the court's consideration in lieu of live of-

fers of proof. This combination of events resulted in clear error.

Unlike in *Eckert* and *Pressley*, however, where the errors occurred during criminal trials, the error in the instant case occurred during an evidentiary hearing on a post-conviction petition. In determining the merits of a post-conviction petition, a circuit court has wide discretion to limit the types of evidence permitted at an evidentiary hearing. *People v. Montgomery*, 162 Ill. 2d 109, 113 (1994). A circuit court's evidentiary ruling in this regard will not be disturbed on appeal unless it constitutes an abuse of discretion. *Montgomery*, 162 Ill. 2d at 113.

In this case, we conclude that the circuit judge's repeated refusals to accept offers of proof from four witnesses, when combined with his departure from the bench during an offer of proof from yet another witness and his striking of defendant's materials submitted in lieu of live offers of proof, constitute an abuse of discretion. As earlier noted, the primary functions of an offer of proof are to inform the trial court and the opposing party of the substance of the evidence sought to be introduced, enabling them to take appropriate action, and to preserve the evidence for appellate review. *Sanchez*, 131 Ill. 2d at 425; see *Andrews*, 146 Ill. 2d at 421. Because of the important functions that an offer of proof fulfills, it is generally considered error for a trial court to refuse an offer. *Stefanov*, 93 Ill. App. 3d at 87. Here, clear and serious error resulted when the circuit court refused to hear and consider defendant's offers of proof because the circuit court " 'denied itself the data which it required in order to exercise an informed discretion.' " *Stefanov*, 93 Ill. App. 3d at 87-88, quoting *People v. Street,* 133 Ill. App. 2d 536, 541 (1971). This serious error was then compounded when the circuit court denied defendant the opportunity to place his of-

fers of proof in the record. The circuit court's actions worked to deny this court a proper record with which to review its rulings. See *Andrews*, 146 Ill. 2d at 421. This result is not tolerable in a capital case.

Consequently, we remand this cause to the circuit court with directions to reopen the evidentiary hearing for the purpose of permitting defendant to make the offers of proof referenced above in the circuit judge's presence. The post-conviction court must then reevaluate and reenter its evidentiary rulings in light of the proffers following their presentation. Of course, the circuit court should reenter any other finding it deems necessary as a result of its reconsideration. On remand, the court need not rehear any other evidence presented at the evidentiary hearing, but may rely on the record. The court, however, may in its discretion allow either side to re-present evidence as an aid to its decision. See *Montgomery*, 162 Ill. 2d 109 (similarly ordering an evidentiary hearing to be reopened).

The State's arguments in support of the circuit court's actions are not persuasive. The State submits that defendant's offers of proof are not relevant and thus were properly excluded. In support, the State cites *People v. Richmond*, 201 Ill. App. 3d 130 (1990), which holds that a refusal to take an offer of proof is not error where the record reveals that the suggested testimony is not relevant. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the action's determination more or less probable than it would be without the evidence. *People v. Hope*, 168 Ill. 2d 1, 23 (1995).

Considering the record before us, we are not able to hold that the refused offers of proof are not relevant to the determination of whether defendant received ineffective assistance of counsel at his sentencing hearing due to his counsel's failure to investigate and present

mitigating evidence. Defendant's proposed experts included a psychologist who had assessed defendant with psychological testing, an art therapist and psychologist who had examined one of defendant's daughters, a social worker and mitigation specialist who would testify as to what types of mitigating evidence were available in 1982, and, lastly, an expert in defending capital cases who would testify regarding defense counsel's performance at sentencing. We are also not able to discern from the record what Jeffry Eno's testimony as a fact witness would be. Finally, the testimony of Karen Popek, submitted in an oral offer of proof outside the judge's presence, was relevant at least in part. It was offered in an attempt to rebut certain aspects of the testimony of defendant's trial counsel. In summary, defendant's attempted offers of proof appear to concern relevant evidence. We are therefore not able to excuse the circuit judge's refusals to hear those offers of proof on this basis. See *People v. Minnis*, 118 Ill. App. 3d 345 (1983) (refusal to accept offer of proof of relevant expert testimony constituted reversible error).

The State next maintains that the expert testimony which defendant sought to present was properly excluded under the law of the case doctrine. The State's position is that this court's prior decision remanding for an evidentiary hearing precluded defendant from offering expert testimony and restricted defendant to presenting mitigating evidence only from people who knew him well. We disagree.

As our earlier decision in this case recognized, the surviving portion of defendant's post-conviction petition broadly alleged that his defense counsel failed to investigate and present available mitigating evidence at sentencing. *Thompkins*, 161 Ill. 2d at 165 (describing the surviving portion of claim XV as a claim "that defense counsel failed to investigate and present other available

mitigating evidence"). This was the claim on which we directed the circuit court to conduct an evidentiary hearing. See *Thompkins*, 161 Ill. 2d at 199. We did not limit the evidentiary hearing to certain types of mitigating evidence, as the State asserts. Even the circuit court did not agree with the State's narrow interpretation of our prior decision. The circuit court excluded expert testimony on an entirely different basis. We therefore reject the State's contention.

The State next makes a two-part waiver argument. First, the State contends that defendant waived any "claim" that his defense counsel was ineffective for failing to call expert witnesses to testify at the sentencing hearing. Second, the State asserts that defendant waived his opportunity to present expert testimony because he did not attach expert affidavits to his post-conviction petition. Both arguments must be rejected.

The State bases its first waiver argument on section 122—3 of the Post-Conviction Hearing Act, which provides: "Any *claim* of a substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Emphasis added.) 725 ILCS 5/122—3 (West 1994). Here, defendant's presentation of expert witnesses does not attempt to give rise to a separate claim. Rather, the expert testimony is aimed solely at supporting defendant's claim that his counsel was ineffective for failing to investigate and present mitigating evidence at sentencing. As we determined in our prior decision, this claim was properly raised and supported in defendant's post-conviction petition. *Thompkins*, 161 Ill. 2d 148. Thus, this waiver rule does not apply here.

The State bases its second waiver argument on section 122—2 of the Act, which provides in relevant part: "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or

shall state why the same are not attached." 725 ILCS 5/122—2 (West 1994). The State's position is that defendant is precluded from presenting any expert testimony on his ineffectiveness claim because he did not attach expert affidavits to his post-conviction petition in support thereof. We disagree. Under section 122—2, a post-conviction petition need only contain allegations and supporting evidence sufficient to make a "substantial showing" that a defendant's constitutional right was violated. *People v. Pecoraro*, 175 Ill. 2d 294, 304 (1997). This court determined in defendant's prior appeal that he fulfilled this requirement as to his claim that his counsel was ineffective at sentencing for failing to investigate and present mitigating evidence, by attaching the affidavits of his parents, siblings, children, and other persons to his post-conviction petition. *Thompkins*, 161 Ill. 2d 148. The Act does not require that a defendant attach to a post-conviction petition the entire record necessary to adjudicate the merits of the asserted constitutional claim. Rather, under the Act, the purpose of the post-conviction petition is to permit the court to determine whether to grant an evidentiary hearing. See *People v. Olinger*, 176 Ill. 2d 326, 341-42 (1997); *People v. Williams*, 47 Ill. 2d 1, 3-4 (1970). As this court has explained in similar circumstances:

> "[W]here the claims are based upon matters outside the record *** it is not the intent of the [A]ct that these claims be adjudicated on the pleadings. The function of the pleadings in a proceeding under the [A]ct is to determine whether the petitioner is entitled to a hearing. If the trial court determines that the allegations of the petition are sufficient to require a hearing, the petitioner must be afforded an opportunity to prove his allegations." *People v. Airmers*, 34 Ill. 2d 222, 226 (1966).

In accordance with the foregoing precedent, defendant here did not waive the opportunity to present expert testimony at the evidentiary hearing by his failure to attach expert affidavits to his post-conviction petition.

In summary, we reject the State's arguments regarding the issues surrounding the offers of proof.

## II

Defendant also challenges other evidentiary rulings by the circuit court. We separately consider each of defendant's allegations of error.

Defendant first asserts that the circuit court erred in refusing to admit into evidence the affidavits of Clarence McKay and Eddie Madgett. As noted in the facts, defendant did not attempt to call these witnesses to testify in person. Rather, on the last day of the evidentiary hearing, he submitted only their affidavits. The State moved to strike the affidavits, arguing that the State would be unfairly disadvantaged by this method of introducing evidence because it would be prevented from cross-examining McKay and Madgett. The State now argues that, under these circumstances, the circuit court did not abuse its discretion when it refused to admit the affidavits into evidence at the evidentiary hearing. See *Montgomery*, 162 Ill. 2d at 113.

This court ordered the evidentiary hearing to be conducted to determine whether defendant received ineffective assistance of counsel at his sentencing hearing as a result of his counsel's failure to investigate and present mitigating evidence. Defendant contends in his brief that the affidavits of McKay and Madgett go to the heart of this controversy, and that the circuit court erred in refusing to admit them at the evidentiary hearing and in striking them from the record. He submits that these affidavits could have been presented at the original sentencing hearing had his counsel investigated potential mitigating witnesses.

Under the death penalty statute, evidence may be admissible at a capital sentencing hearing that would not ordinarily be admissible at the guilt phase of trial. Ill. Rev. Stat. 1979, ch. 38, par. 9—1(e); *People v. Hall*,

114 Ill. 2d 376, 416 (1986). The two factors controlling admissibility are relevance and reliability, and the determination of admissibility rests in the discretion of the trial court. *Hall*, 114 Ill. 2d at 416-17. More specifically, this court has held that hearsay evidence, such as affidavits, may be admitted at a capital sentencing hearing without cross-examination where relevant and reliable. *People v. Thomas*, 178 Ill. 2d 215, 246 (1997). The circuit court in this case never determined whether the affidavits of McKay and Madgett are relevant and reliable. Since we have already ordered the evidentiary hearing to be reopened, in the interest of justice, we additionally direct the circuit court to reconsider its ruling excluding the two affidavits from evidence, in light of the foregoing standard of admissibility. After reconsideration, the circuit court shall then reenter its evidentiary ruling regarding the admissibility of the affidavits, and shall make any other finding it deems necessary as a result.

Defendant next submits that the circuit court improperly excluded certain testimony by Clarencetta Thomas. The record reveals that the State objected to this portion of Thomas' testimony, and the circuit court sustained the objection. The circuit court then allowed defendant to submit an offer of proof of Thomas' testimony from the witness stand. Thomas' testimony concerned Michael Weaver, whom defendant was convicted of shooting in 1971. Thomas testified that she, defendant, and Weaver all grew up together in the same neighborhood. Weaver and his cousin raped Thomas when she was a teenager.

The State argued in the circuit court that defendant sought to introduce this testimony in an attempt to "do a character assassination on [Weaver], to in some way make it okay for [defendant] to have taken a gun and shoot him," which is irrelevant to the issue of whether

defendant received ineffective assistance of counsel at sentencing. The circuit court agreed. We find no abuse of discretion in the circuit court's exclusion of this evidence. See *Montgomery*, 162 Ill. 2d at 113. The evidence presented at the sentencing hearing concerning defendant's prior conviction for shooting Weaver revealed that the shooting was not related to Weaver's alleged rape of Thomas. Thomas' testimony concerning the alleged rape was therefore irrelevant to defendant's case in mitigation.

In a related argument, defendant briefly asserts in a footnote that the circuit court wrongly excluded other evidence relating to Weaver. Barbara Thompkins, defendant's former wife, was asked on cross-examination whether she was aware of defendant's prior conviction and incarceration for shooting Weaver. When she responded, "I talked to Michael Weaver and he said that Willie didn't—," the State objected to her testimony as hearsay. The circuit court sustained the objection. Defendant submits that this ruling was error.

As earlier noted, hearsay evidence may have been admitted at defendant's original capital sentencing hearing, but only if relevant and reliable. Ill. Rev. Stat. 1979, ch. 38, par. 9—1(e); *Hall*, 114 Ill. 2d at 416-17. Defendant here fails to support his assertion of error with any argument that Barbara Thompkins' testimony concerning what Weaver said would have been relevant and reliable. Because defendant fails to argue that Thompkins' testimony would have met the standard for admissibility, we conclude that the circuit court's exclusion of this evidence was not an abuse of discretion. See *Montgomery*, 162 Ill. 2d at 113.

Finally, defendant contends that the circuit court erred in refusing to admit the testimony of Karen Popek. The circuit court allowed defendant to submit an offer of proof of Popek's testimony, but left the court-

room during the offer. As we held above, the circuit court must revisit this issue in the reopened evidentiary hearing after listening to defendant's offer of proof of Popek's testimony.

### III

We next consider the State's motion to strike, taken with the case. Consistent with our holdings in this opinion, we grant this motion. The materials which defendant placed in the record in violation of the circuit court's order that they be stricken shall be removed. However, as we held above, the evidentiary hearing shall be reopened to allow defendant to make offers of proof in the circuit judge's presence. Through this procedure, the primary functions of an offer of proof can be fulfilled. The nature of the offered evidence will be disclosed to the circuit court and opposing counsel, enabling them to take appropriate action, and then this court will be provided with a proper record with which to conduct appellate review. See *Andrews*, 146 Ill. 2d at 421. Also, as earlier directed, the circuit court shall reconsider its ruling excluding the affidavits of McKay and Madgett and make appropriate findings. In all respects, the circuit court should be careful to allow the parties to prepare a proper record for this court's use in conducting appellate review.

### IV

The evidentiary hearing is rendered incomplete by our holding ordering it reopened. See *Montgomery*, 162 Ill. 2d at 113. As a consequence, we are not able to address defendant's primary contention that the facts presented at the evidentiary hearing establish that he was deprived of his constitutional right to effective assistance of counsel at his sentencing hearing. If necessary, the circuit court on remand should make new findings regarding this issue at the completion of the reopened hearing.

The circuit court shall report all its findings to the clerk of this court as directed at the conclusion of this opinion. We retain jurisdiction over this cause and will address this issue following our receipt of the circuit court's findings.

## V

Defendant's last contention is that the circuit court erred in denying his petition for a change of venue. The record shows that, in August of 1995, before the start of the evidentiary hearing, defendant filed a petition for a change of venue or, in the alternative, for assignment of a judge from another circuit to preside over the evidentiary hearing. Defendant alleged that he could not get a fair evidentiary hearing in Cook County because his original defense counsel had become a Cook County circuit court judge. According to defendant, one Cook County circuit court judge cannot be expected to evaluate impartially the prior conduct of another. The circuit court rejected the petition. Defendant then submitted a motion for supervisory order or writ of *mandamus* to this court, asking for the same relief. We denied this request, by order, on October 26, 1995 (No. 79805).

Defendant argues that the circuit court's refusal to grant him a venue change violated his constitutional right to due process of law. According to defendant, the circuit court could not have conducted a fair and impartial hearing on whether his defense counsel rendered him ineffective assistance of counsel at sentencing, because his former defense counsel is now a sitting judge in the Cook County circuit court. Defendant does not point to any other fact in order to show bias or prejudice. In short, then, defendant's claim is that if one Cook County circuit court judge sits in judgment over the prior conduct of any other Cook County circuit court judge, then, *ipso facto*, the constitutional principle of due process of law has been violated.

Defendant concedes that the Illinois statutory provisions relating to substitutions of judges and changes of venue do not apply in post-conviction proceedings. See *People v. Wilson*, 37 Ill. 2d 617, 619-21 (1967). He nonetheless contends that the circuit judge who conducted his evidentiary hearing was required to grant him a venue change to another county.

This court has recognized some circumstances in which trial judges should recuse themselves because of bias or prejudice in post-conviction proceedings. *Wilson*, 37 Ill. 2d at 621 (where judge has knowledge outside the record concerning the truth or falsity of allegations made and where judge may be called as a material witness); *People v. Del Vecchio*, 129 Ill. 2d 265, 274 (1989) (where judge has a direct, personal, and substantial pecuniary interest in a criminal case). None of those circumstances has been alleged here, however. Defendant has never claimed that the circuit judge had any relevant knowledge outside the record or that he had any pecuniary interest in the cause.

Another " 'guiding principle on the issue of judicial bias is whether the case involves a possible temptation such that the average person, acting as judge, could not hold the balance nice, clear and true between the State and the accused.' " *People v. Coleman*, 168 Ill. 2d 509, 540-41 (1995), quoting *Del Vecchio*, 129 Ill. 2d at 275. Still, only under the most extreme cases is disqualification on the basis of bias or prejudice constitutionally required. *Coleman*, 168 Ill. 2d at 541; *Del Vecchio*, 129 Ill. 2d at 275.

Defendant's assertion—that one Cook County circuit court judge cannot sit in judgment over the prior conduct of another Cook County circuit court judge—without more, does not satisfy the foregoing principle. In the evidentiary hearing conducted below, the circuit judge was required to determine whether defendant's

criminal defense attorney had rendered defendant constitutionally ineffective assistance of counsel at his sentencing hearing by failing to investigate and present mitigating evidence on his behalf. Judges are constantly called upon to evaluate the conduct of professional persons such as doctors, business executives, and, of course, attorneys. More specifically, circuit judges in Cook County are routinely called upon to rule on similar claims of ineffective assistance of counsel. There was nothing remarkable about defendant's ineffectiveness claim which would warrant a venue change. Defendant submits that the fact that his defense attorney was elevated to the bench after his representation of defendant caused defendant to be subjected to an unacceptable risk of bias or prejudice. We do not agree. This fact alone simply does not present a situation where the average person, acting as a judge, would not be able to hold the proper balance between defendant and the State. Significantly, defendant has never alleged that the circuit judge who presided over his evidentiary hearing personally knew his former defense counsel, now a judge. We will not presume personal knowledge or familiarity where none is alleged, particularly since over 400 judges regularly sit on the Cook County circuit court. Under the circumstances presented, defendant's claim does not even raise an appearance of partiality. See *People v. Hall*, 157 Ill. 2d 324, 332 (1993).

In summary, the circuit court did not err in rejecting defendant's petition for a change of venue.

## CONCLUSION

For the reasons stated, this cause is remanded to the circuit court of Cook County with directions to reopen the evidentiary hearing for the limited purposes described in this opinion. We retain jurisdiction over this cause. The circuit court shall report its findings to the clerk of this court within 90 days of issuance of the

mandate in this case, accompanied by a record of the proceedings on remand.

*Cause remanded with directions; jurisdiction retained.*