THIRD DIVISION
February 13, 2008

No. 1-06-1930

THE PEOPLE OF THE STATE OF ILLINOIS,       )       Appeal from
                                           )       the Circuit Court
          Plaintiff-Appellee,              )       of Cook County.
                                           )
     v.                                    )       No. 92 CR 6652(01)
                                           )
STEVE HARVEY,                              )       Honorable
                                           )       Evelyn B. Clay,
          Defendant-Appellant.             )       Judge Presiding.


JUSTICE THEIS delivered the opinion of the court:

Defendant Steve Harvey appeals from an order of the circuit court granting the

State's motion to dismiss his petition for relief from judgment filed pursuant to section 2-

1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)).  In it, defendant

asserted that the dismissal of his postconviction petition filed in 1996 under the

Postconviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq*. (West 1994)) was a void

judgment because the court did not properly dispose of his contemporaneous motion for

substitution of judge, in contravention of section 114-5(d) of the Code of Criminal

Procedure of 1963 (the Code) (725 ILCS 5/114-5(d) (West 1994)).

On appeal, defendant contends that the circuit court erred in dismissing his

section 2-1401 petition because the judgment complained of is void as a result of the trial

judge's failure to properly dispose of a pending motion for substitution of judge. Specifically, he contends that the circuit court erroneously concluded that the trial judge implicitly denied the substitution motion in its denial of the postconviction petition. For the following reasons, we affirm.

A jury convicted defendant of armed robbery and two counts of aggravated battery with a firearm on the theory of accountability for supplying guns to three men with the knowledge that the guns would be used in an armed robbery that resulted in the shooting of two police officers and for arranging for their escape. The facts leading to defendant's convictions were detailed in our previous order in which we affirmed those convictions on direct appeal. People v. Harvey, No. 1-93-1582 (1995) (unpublished order under Supreme Court Rule 23).

The instant appeal arises out of an event that occurred during the sentencing hearing before Judge John Morrissey, who also presided over the trial. During the allocution, defendant presented the court with the sworn statement of Lawrence Johnson, the cell mate of codefendant Rupert Pottinger. Johnson averred that Pottinger admitted that he was the person who supplied the guns to the three men to use in the armed robbery. Neither Pottinger nor Johnson was interviewed or called to testify at trial. Defense counsel stated that he had never seen the statement before. However, the prosecutor responded that the statement, signed by two assistant State's Attorneys, had been produced during discovery.

Judge Morrissey reviewed the statement, entered as court's exhibit number one for sentencing, and concluded that it was not inconsistent with the evidence presented at

trial. The court proceeded to sentence defendant to three 30-year sentences, to run concurrently. On direct appeal, defendant argued that the trial court erred in denying the motion to suppress his statement to police, but the convictions were affirmed. People v. Harvey, No. 1-93-1582 (1995) (unpublished order under Supreme Court Rule 23).

Defendant then filed a *pro se* postconviction petition and supporting memorandum of law in which he argued that his trial counsel was ineffective for failing to adequately review discovery records, specifically Johnson's statement, and that his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on appeal. He also filed a motion for substitution of judge pursuant to section 122-8 of the Act (725 ILCS 5/122-8 (West 1994)), claiming that Judge Morrissey was "predisposed to deny my Postconviction, because he previously ruled on the main issue in my Postconviction Petition, that's Ineffective Assistance of Counsel."

Judge Morrissey heard the postconviction petition within 90 days of filing, as required by the Act, and dismissed it as frivolous and without merit. However, he did not address or otherwise rule on the substitution motion.[1] Defendant's appeal from the order

---

[1] After reviewing the record, it appears that the substitution motion was never before Judge Morrissey. Although the substitution motion and the postconviction petition both were file stamped by the circuit court clerk, the handwritten docket sheet and the clerk's "Certified Statement of Conviction / Disposition" indicate that only the postconviction petition was entered on the docket. Moreover, in the hearing on the postconviction petition, Judge Morrissey makes no mention of the substitution motion or

1-06-1930

dismissing the postconviction petition (<u>People v. Harvey</u>, No. 1-96-1960 (1996)) was disposed of by dispositional order.

In 2006, defendant filed the section 2-1401 petition for relief from judgment that is the subject of this appeal. Defendant alleged that Judge Morrissey had no authority to enter judgment on the postconviction petition because he had not first disposed of the substitution motion; therefore, the order dismissing his postconviction petition was void. The State filed a motion to dismiss the section 2-1401 petition for improperly raising issues of law for the first time in that petition and for being untimely. The court granted the State's motion and found that if there was a substitution motion pending before Judge Morrissey, it was disposed of along with the postconviction petition. Defendant then filed this timely appeal.

We must first address the State's arguments that the section 2-1401 petition was improper and untimely. In general, criminal defendants may utilize section 2-1401 of the Code of Civil Procedure to address factual errors that occurred during prosecution but were unknown at the time of judgment. <u>People v. Pinkonsly</u>, 207 Ill. 2d 555, 566, 802 N.E.2d 236, 243 (2003). However, a criminal defendant also may challenge a void judgment by means of a section 2-1401 petition. <u>People v. Thompson</u>, 209 Ill. 2d 19, 29, 805 N.E.2d 1200, 1206 (2004), citing <u>People v. Harvey</u>, 196 Ill. 2d 444, 447, 753 N.E.2d

_____

any other pending matters, nor did the administrative judge who transferred the postconviction petition to Judge Morrissey.

293, 295 (2001). Additionally, although a section 2-1401 petition must ordinarily be brought within two years of entry of the judgment being challenged, that limitation will not bar relief where defendant is challenging a void judgment. Harvey, 196 Ill. 2d at 447, 753 N.E.2d at 295. In this case, although defendant sought relief from a void judgment entered 10 years earlier, his section 2-1401 petition was properly before the court.

We review the circuit court's dismissal of a section 2-1401 petition *de novo*. People v. Vincent, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 18 (2007). We may affirm the trial court's judgment on any basis supported by the record, regardless of the actual reasoning or grounds relied upon by the circuit court. Dalan/Jupiter, Inc. v. Draper & Kramer, Inc., 372 Ill. App. 3d 362, 366, 865 N.E.2d 442, 447 (2007).

Defendant argues on appeal that Judge Morrissey's failure to rule on the substitution motion was a violation of section 114-5(d) of the Code. That statute provides that after a party files a substitution motion for cause with the trial court, a different judge must determine whether to grant the requested substitution. 725 ILCS 5/114-5(d) (West 2004). The judge sought to be replaced then loses all power and authority to enter further orders in the case while the substitution motion is pending. People v. Bell, 276 Ill. App. 3d 939, 947, 658 N.E.2d 1372, 1378 (1995). Although section 114-5(d) does not specifically divest the judge of authority to act, the language of sections 114-5(a) and (c), stating that "the court shall proceed no further" until the substitution motion is ruled on, applies to subsection (d) as well. 725 ILCS 5/114-5(a), (c) (West 2004); Bell, 276 Ill. App. 3d at 946, 658 N.E.2d at 1378; People v. Antoine, 335 Ill. App. 3d 562, 572, 781 N.E.2d 444, 452 (2002). Thus, any orders entered while

5

the motion is pending are void. <u>Bell</u>, 276 Ill. App. 3d at 947, 658 N.E.2d at 1378, quoting <u>People v. Brim</u>, 241 Ill. App. 3d 245, 249, 608 N.E.2d 958, 961 (1993).

Defendant's reliance on this statute is misplaced for two reasons. First, defendant filed his substitution motion pursuant to section 122-8 of the Act, which states that a postconviction petition must be heard by a judge other than the one who presided over the trial. 725 ILCS 5/122-8 (West 2004). However, that statute was ruled unconstitutional a full ten years before defendant filed his motion. <u>People v. Joseph</u>, 113 Ill. 2d 36, 48, 495 N.E.2d 501, 507 (1986). Thus, there was no valid basis for defendant's motion, as an unconstitutional statute is void *ab initio* and confers no rights or privileges. <u>People v. Zeisler</u>, 125 Ill. 2d 42, 46, 531 N.E.2d 24, 26 (1988).

Second, even if the substitution motion was filed under section 114-5(d), defendant failed to recognize that the statute does not apply in postconviction proceedings. <u>People v. Thompkins</u>, 181 Ill. 2d 1, 22, 690 N.E.2d 984, 994 (1998); <u>Gibson v. People</u>, No. 2-06-0821, slip op. at 2 (December 21, 2007). Therefore, defendant has no absolute right to a substitution of judge in a postconviction proceeding. <u>People v. Reyes</u>, 369 Ill. App. 3d 1, 25, 860 N.E.2d 488, 510 (2006). In fact, the judge who presided over the criminal trial should hear the postconviction petition unless it is shown that the judge is substantially prejudiced. <u>Reyes</u>, 369 Ill. App. 3d at 25, 860 N.E.2d at 510, citing <u>People v. Vance</u>, 76 Ill. 2d 171, 181, 380 N.E.2d 867, 871-72 (1979).

In certain limited circumstances where there may be an appearance of prejudice, a judge must recuse himself from postconviction proceedings. <u>Thompkins</u>, 181 Ill. 2d at

22, 690 N.E.2d at 994, citing People v. Wilson, 37 Ill. 2d 617, 621, 230 N.E.2d 194, 197 (1967) (where judge has knowledge outside the record concerning the truth or falsity of allegations made and where judge may be called as a material witness), and People v. Del Vecchio, 129 Ill. 2d 265, 274, 544 N.E.2d 312, 316 (1989) (where judge has a direct, personal, and substantial pecuniary interest in a criminal case). The Code of Judicial Conduct also requires judges to recuse if their impartiality might be reasonably questioned. People v. Kliner, 185 Ill. 2d 81, 169, 705 N.E.2d 850, 894 (1998); 188 Ill. 2d R. 63(C)(1)(a) (where judge exhibits personal bias or prejudice toward a party or a party's lawyer). However, defendant has made no such allegations in this case and we do not find that those circumstances are present here.

When the circumstances do not call for mandatory recusal or independent judicial evaluation of claims of prejudice as required by section 114-5(d), trial judges are in the best position to determine whether they can be impartial. Kliner, 185 Ill. 2d at 169, 705 N.E.2d at 894. It is presumed that judges will be impartial, but they must ultimately determine whether they can "hold the balance nice, clear and true between the State and the accused." People v. Jackson, 205 Ill. 2d 247, 277, 793 N.E.2d 1, 19 (2001); Del Vecchio, 129 Ill. 2d at 275, 544 N.E.2d at 317.

Disqualifying a judge for cause is not a judgment to be lightly made. People v. Patterson, 192 Ill. 2d 93, 134, 735 N.E.2d 616, 640 (2000). The defendant must show something more than simply that the judge presided over the criminal trial. Reyes, 369 Ill. App. 3d at 25, 860 N.E.2d at 510. In fact, the United States Supreme Court has held that a judge's prior rulings in the case rarely, if ever, can form the basis of a recusal

7

1-06-1930

motion. Liteky v. United States, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 490, 114 S. Ct. 1147, 1157 (1994). The allegations must demonstrate "animosity, hostility, ill will, or distrust" or "prejudice, predilections or arbitrariness." Reyes, 369 Ill. App. 3d at 25, 860 N.E.2d at 510.

In this case, defendant alleged that Judge Morrissey was "predisposed to deny my Postconviction because he previously ruled on the main issue in my Postconviction Petition, that's Ineffective Assistance of Counsel." That allegation alone does not suggest that Judge Morrissey was unable to hold the balance "nice, clear and true" between defendant and the State. Jackson, 205 Ill. 2d at 277, 793 N.E.2d at 19. Moreover, defendant's allegation is based on Judge Morrissey's prior ruling in the case, which is not a valid basis for a recusal motion. Liteky, 510 U.S. at 555, 127 L. Ed. 2d at 490, 114 S. Ct. at 1157.

Defendant also has not alleged a bias that demonstrates "animosity, hostility, ill will, or distrust" toward him. Reyes, 369 Ill. App. 3d at 25, 860 N.E.2d at 510. On the contrary, at the sentencing hearing, Judge Morrissey permitted defendant to make his argument of ineffective assistance of counsel based on the purportedly exculpatory statement of the codefendant and made the statement part of the common law record. Although Judge Morrissey ultimately found that it was consistent with the trial evidence, he did not exhibit prejudice or arbitrariness in his treatment of defendant. We also find nothing in this record to suggest that Judge Morrissey should have recused himself from hearing defendant's postconviction petition.

8

Ultimately, the fact that Judge Morrissey did not rule on the substitution motion had no effect on his authority to rule on the postconviction petition. Section 114-5(d) and its procedural requirements did not apply to the postconviction proceedings in this case. Thompkins, 181 Ill. 2d at 22, 690 N.E.2d at 994; Gibson, No. 2-06-0821, slip op. at 2. Judge Morrissey was not required to transfer the substitution motion to another judge for evaluation, nor was he divested of his authority in the case in the meantime. See Bell, 276 Ill. App. 3d at 947, 658 N.E.2d at 1378. Additionally, Judge Morrissey was not required to recuse himself, nor was there any indication that he should have recused himself from the postconviction proceedings. See Thompkins, 181 Ill. 2d at 22, 690 N.E.2d at 994. Therefore, his ruling on the postconviction petition was made with full authority.

Accordingly, we affirm the circuit court's order denying defendant's section 2-1401 petition.

Affirmed.

QUINN, P.J. and GREIMAN, J., concur.

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**

PEOPLE OF THE STATE OF ILLINOIS,

      **Plaintiff-Appellee,**

  v.

STEVE HARVEY,

      **Defendant-Appellant.**

**No. 1-06-1930**

**Appellate Court of Illinois
First District, Third Division**

**Filed: February 13, 2008**

**JUSTICE THEIS delivered the opinion of the court.**

**Quinn, P.J. and Greiman, J., concur.**

**Appeal from the Circuit Court of Cook County
Honorable Evelyn B. Clay, Judge Presiding**

| For DEFENDANT-APPELLANT | Michael J. Pelletier, State Appellate Defender<br>Robert M. Stephenson, Assistant State Appellate Defender<br>Office of the State Appellate Defender<br>203 North LaSalle Street, 24th Floor<br>Chicago, IL 60601 |
|---|---|
| For PLAINTIFF-APPELLEE | Richard A. Devine, State's Attorney<br>James E. Fitzgerald, Assistant State's Attorney<br>Manny Magence, Assistant State's Attorney<br>Orion N. Artis, Assistant State's Attorney<br>300 Richard J. Daley Center<br>Chicago, IL 60602 |