**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240247-U

Order filed September 2, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0247 Circuit No. 14-CF-367 |
| DAVID A. WHEELER, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Brennan and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court erred by denying the defendant's continuance.

¶ 2    The defendant, David A. Wheeler, appeals the denial of his postconviction petition after an evidentiary hearing, arguing the La Salle County circuit court erred in denying his continuance to serve witness subpoenas.

¶ 3                                I. BACKGROUND

¶ 4        After a bench trial in 2015, the defendant was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and sentenced to consecutive terms of 18 years' imprisonment. The evidence at trial established that the defendant was the former boyfriend of Julie L., F.L.'s mother. According to F.L.'s testimony, on two separate occasions, the defendant made her put her hands and mouth on his penis. Julie initially did not believe F.L. when she told her of the sexual assault. Julie had pled guilty to sexual exploitation of a child for engaging in oral sex with the defendant in the presence of her children. As part of her plea agreement, Julie agreed to testify against the defendant. The defendant's convictions were affirmed on direct appeal. *People v. Wheeler*, 2018 IL App (3d) 150647-U.

¶ 5        In October 2018, the defendant filed a *pro se* postconviction petition, alleging (1) trial counsel was ineffective for failing to (a) investigate the effect of mental illness on F.L.'s ability to testify truthfully and (b) impeach Julie's credibility; (2) appellate counsel failed to raise trial counsel's ineffectiveness; (3) his sentence was excessive; and (4) his due process rights were violated where he was deterred from representing himself, the trial record was inaccurate, and the State improperly vouched for witness credibility. The defendant was initially appointed counsel who filed an amended petition. However, the defendant elected to proceed *pro se*, withdraw the amended petition, and advance his initial petition. Attached to the petition were two notarized affidavits from the defendant, in which he swore F.L. lied on the stand and when F.L. and Julie were asked if they were told what to say on the stand, they both replied that they were coached by the police and the state's attorney.

¶ 6        A status hearing was held on January 13, 2023. The defendant indicated that he sought to subpoena witnesses, and the court orally agreed that it would waive the fees for the defendant to

do so. The State filed an answer to the petition on February 6, 2023, and the case was advanced to the third stage.

¶ 7        On February 21, 2023, the parties appeared for an evidentiary hearing on the petition and answer. The defendant filed his response to the answer in court. The court asked the defendant if he wished to present any live testimony. The defendant stated, "you never sent me the waiver for the subpoena, so I was unable to subpoena anybody." When asked who he sought to subpoena, the defendant stated J.L., Debbie Wheeler, Sergeant Patrick Hardy, and the assistant state's attorney on the case. The following colloquy then occurred:

>"THE COURT: Okay. Well, you got any witnesses you want to call, now is your opportunity to call them, sir, okay?
>
>THE DEFENDANT: As I stated, I can't do that because you never responded to the waiver that you said that you would—you told me you would waive the fees for the subpoenas.
>
>THE COURT: Yes. I said I'd waive some fees—some fees. I did say that.
>
>THE DEFENDANT: Yeah, I wrote to you asking for that waiver, and I never received it.
>
>THE COURT: Yeah, it was done in open court.
>
>All right. Did you issue any subpoenas at all?
>
>THE DEFENDANT: No.
>
> * * *
>
>THE DEFENDANT: I sent all them to the clerk. They're the ones that told me I needed the waiver from you.
>
>THE COURT: Who told you that?

3

THE DEFENDANT: That's what the clerk's office said.

* * *

THE COURT: Well, it was done in open court. I don't know why they would said that to you, sir.

THE DEFENDANT: That's what I told them. In the letter I said it was all stated twice in open court, and I gave them the dates.

* * *

THE COURT: I gave you the waiver. Now, listen to me.

I gave you the waiver in open court. That's all I can do.

Now, what the clerk did, I don't know. I don't know what they did. And there's no indication of what they did.

You got a letter from the clerk?

THE DEFENDANT: Yeah.

THE COURT: Do you got the letter with you?

THE DEFENDANT: I don't have it with me.

THE COURT: You didn't bring it. All right. Well, there's nothing in the file.

THE DEFENDANT: I explained to you in the letter that I sent to you what they wanted. That they asked for a waiver, signed waiver.

THE COURT: Yeah. You said it in there, and I told you you had the waiver in court, but there's nothing to indicate that—apparently the clerk sent you something. If they sent you a letter, they sure didn't put it in the court file.

4

THE DEFENDANT: They sent me a letter telling me what I *** needed.

THE COURT: It would have been nice of you to have that letter. It would have been nice if I could have seen what the clerk sent back to you after you did the January letter. It would have been nice to see that so I would have some understanding of what the clerk said to you."

¶ 8    The court indicated that since the defendant did not have the letter, they had "to move forward." The court asked if the defendant had anything he wanted to present, and he said, "No." The State moved for a directed finding, and the court asked the defendant for a response. The defendant stated, "That was the purpose for the *** subpoenas." The court stated, "I understand what your purpose was, and I don't have the letter from—well, I sure wish you would have brought it so I could see it. Because if that was the situation, I would have corrected it in some fashion or form." The defendant asked for a continuance and stated, "And you can give me the waiver as we speak if you say that you can give it to me in open court. I can have everything taken care of on my side in two or three weeks." As the defendant presented no evidence, the court granted the State's motion for a directed finding. However, the court stated, "I'm always willing to keep an open mind on a lot of stuff—if you find that letter, you mail that to me." The court then said, "And I will reconsider that particular position that we just took, all right? But I—it's not in the file, but I need to see that from the clerk. Because if I've got a clerk downstairs that's jamming the proceeding, we'll take care of that, all right?" The defendant asked about appealing, and the court stated, "they're going to start the appeal process, but if you get that letter, and you show it to me, I may bring it back. I'll probably bring it back if that's what is true." The record shows that on February 28, 2023, the court signed and filed an order that stated, "Defendant is found indigent. Subpoena fees are waived."

5

¶ 9          On March 6, 2023, the defendant filed a motion to reconsider, seeking reinstation of his postconviction petition and a new hearing. The motion indicated that the defendant had sent a letter to the court on January 23, 2023, asking for a signed waiver of fees for the subpoenas, which included the directions given to him by the clerk. The defendant also noted that the court had stated on February 21, 2023, that it was in possession of the defendant's letter seeking the order waiving the fees but had not addressed the issue until the hearing on that day. The defendant argued that he should not have been punished for the clerk's mistake. Attached to the motion was (1) a copy of a letter dated January 16, 2023, in which the defendant informed the clerk and the sheriff's office that the court had waived his subpoena fees in open court; (2) a letter from the clerk indicating that the defendant had sent a letter on January 19, 2023, asking for a subpoena fee waiver; and (3) a letter from the sheriff's office stating,

> "I previously responded to you stating our policy. We require payment upfront in order to process service of papers or a court order, which was issued within the year, waiving the fees.
>
> At the time I received your previous subpoenas for service, you supplied neither. I am currently in receipt of your court order to waive fees. It appears that it was issued after your previous correspondence with our office."

¶ 10          The defendant had appealed before the motion was ruled on. Therefore, this court dismissed the appeal and remanded the case for a ruling on the motion. A hearing was held on September 29, 2023. The defendant argued,

> "You stated in open court on February 21st if I could straighten out the issue, and that issue was at the time was the waiver for the subpoena fees—hence, why I didn't have any witnesses here—you stated at that time if I could correct that

or show you or prove to you, that you would revisit the dismissal of the post. Wherefore, I have done that."

The State argued that the defendant did not submit any newly discovered evidence to be the basis of his motion to reconsider and that the case had been going on for long enough. The defendant responded, "Seven days after the issue of being dismissed during my evidentiary hearing, I did receive your signed waiver, February 28th. Had that been produced prior to the evidentiary hearing, we wouldn't be having this hearing here today ***." The court denied the motion, finding that the defendant did not exercise due diligence and his motion was vague. As that hearing was held before the mandate issued in the appellate court, another hearing was held on March 14, 2024, where the same arguments were presented and the court again denied the defendant's motion.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, the defendant contends that the court erred by denying his request to continue the evidentiary hearing, thus preventing him from presenting any evidence in support of his petition. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) sets forth a three-stage process for a criminal defendant to challenge their convictions based on a substantial violation of constitutional rights. *People v. Domagala*, 2013 IL 113688, ¶ 32. A petition not dismissed as frivolous or patently without merit proceeds to the second stage, where the court must determine whether the petition makes a substantial showing of a constitutional violation. *Id.* ¶ 33. If the petition makes the requisite showing, the defendant is entitled to a third-stage evidentiary hearing. *Id.* ¶ 34. At the evidentiary hearing, the defendant has the burden of establishing a substantial showing of a deprivation of constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

"[W]here the claims are based upon matters outside the record *** it is not the intent of the [A]ct that these claims be adjudicated on the pleadings. The function of the pleadings in a proceeding under the [A]ct is to determine whether the petitioner is entitled to a hearing. If the trial court determines that the allegations of the petition are sufficient to require a hearing, the petitioner must be afforded an opportunity to prove his allegations." (Internal quotation marks omitted.) *People v. Thompkins*, 181 Ill. 2d 1, 16 (1998).

¶ 13     While generally we consider whether the denial of a postconviction petition at the third stage was manifestly erroneous (*People v. Beaman*, 229 Ill. 2d 56, 72 (2008)), the alleged error, here, occurred prior to the hearing, where the court denied the defendant's request for a continuance. "[T]he granting or denial of a continuance is a matter resting in the sound discretion of the trial court, and a reviewing court will not interfere with that decision unless there has been a clear abuse of that discretion." *People v. Chapman*, 194 Ill. 2d 186, 241 (2000). The denial of a continuance must be reversed where it appears the denial of additional time encumbered the defendant's preparation of his case "and thereby prejudiced his rights." *People v. Lewis*, 165 Ill. 2d 305, 327 (1995). When determining whether the court abused its discretion, we must consider the specific facts and circumstances of the case and "[t]here is no mechanical test *** for determining the point at which the denial of a continuance in order to accelerate the judicial proceedings violates the substantive right of the accused." (Internal quotation marks omitted.) *People v. Walker*, 232 Ill. 2d 113, 125 (2009). Factors the court can consider in determining whether to grant a continuance include but are not limited to (1) the defendant's diligence, (2) the defendant's rights to a fair and impartial trial, (3) the interests of justice, (4) the history of the case, (5) the complexity of the matter, (6) docket management, (7) judicial economy, and

8

(8) inconvenience to the parties and witnesses. *Id.* at 125-26. Moreover, on appeal from the denial of a continuance, we will consider the defendant's diligence, the materiality of the witnesses, and the prejudice to the defendant. *People v. Ward*, 154 Ill. 2d 272, 307 (1992).

¶ 14    Here, we find that the court abused its discretion by failing to grant the defendant a continuance. The record shows that the defendant received an oral waiver of subpoena fees from the court, sent his subpoenas to the clerk and the sheriff in a timely fashion, and sought for them to be served. However, he was then informed by the clerk and the sheriff that he needed a written order for the fees to be waived. He then sent a letter to the court seeking such a written waiver. This all happened prior to the evidentiary hearing. At the hearing, the court specifically indicated that it was in receipt of a letter in which the defendant had asked for the written order. The defendant stated, "I explained to you in the letter that I sent to you what they wanted. That they asked for a waiver, signed waiver." The court replied, "Yeah. You said it in there, and I told you you had the waiver in court." Because the defendant did not bring any proof that this had occurred to the hearing, the court refused to grant the continuance and allowed the State's motion for a directed finding. Nonetheless, it indicated that, if the defendant brought such proof at a future date, it would reconsider. It then denied such a motion to reconsider. Oddly, a written fee waiver was sent to the defendant *after* the hearing.

¶ 15    The defendant clearly acted with diligence in timely serving his subpoenas, including seeking a written court order waiving the fees once he was notified by the clerk and sheriff that he needed one. The defendant's failure to send the subpoenas was no fault of his own. While the case had been pending for some time, the State had not filed their answer to the defendant's petition until February 6, 2023, only 15 days before the hearing. The hearing occurred on the first court date after the State's answer was filed such that the third-stage proceedings would not have been

9

unduly delayed by allowing the defendant the additional time to send his subpoenas. Moreover, the defendant was clearly prejudiced where the denial of the additional time encumbered his ability to prove his allegations. See *Thompkins*, 181 Ill. 2d at 16; *Lewis*, 165 Ill. 2d at 327. We note that the materiality of the expected testimony does not matter where a continuance is necessary for the furtherance of justice. *In re S.B.*, 2015 IL App (4th) 150260, ¶ 24 (citing Ill. S. Ct. R. 231(b) (eff. Jan. 1, 1970)). "The ends of justice clearly required a continuance in this case." *Id.* We, therefore, vacate the denial of the defendant's postconviction petition and remand for new third-stage proceedings where the defendant has the opportunity to subpoena his witnesses.

¶ 16                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of La Salle County is vacated and remanded.

¶ 18          Vacated and remanded.