(No. 11767.—Reversed and remanded.)

THE PEOPLE *ex rel.* George E. Little, County Collector, Appellant, *vs.* THE ST. LOUIS MERCHANTS BRIDGE COMPANY, Appellee.

*Opinion filed February 20, 1918.*

1. TAXES—*county collector's proceeding for collection of tax is a civil suit for collection of debt.* A proceeding by the county collector for judgment and order of sale for the collection of a tax is a special statutory proceeding, but it is also a civil suit or proceeding for the collection of a debt for which an action of debt will lie at common law, and such action may still be maintained under the present statute providing for the institution of a suit in debt by the county board for taxes due on forfeited property.

2. SAME—*rules for a change of venue in an action of debt apply to proceeding for collection of tax.* The rules for a change of venue in an action of debt may be applied in a proceeding by the county collector for the collection of a tax, as the same reason will exist for granting a change of venue in one case that may exist in the other, and where the same reason exists the same rule should be applied.

3. SAME—*board of review, upon due notice, may change assessment fixed in quadrennial session although there is no change in the property.* The board of review, upon due notice to the party assessed, has power to change the assessment fixed at the quadrennial session of the board although there is no showing of a change

in the value of the property by reason of alterations or additions thereto. (*People* v. *St. Louis Bridge Co.* 281 Ill. 462, followed.)

4. CHANGE OF VENUE—*bias or prejudice is ground for disqualifying a judge from hearing a cause.* No person should sit as judge in his own case or in a case in which he is materially interested, and bias or prejudice is ground for disqualifying a judge from hearing a cause.

APPEAL from the County Court of Madison county; the Hon. HENRY B. EATON, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, and JOSEPH P. STREUBER, State's Attorney, for appellant.

HILES & SIMPSON, and KRAMER, KRAMER & CAMPBELL, (T. M. PIERCE, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by the county treasurer and *ex-officio* county collector of Madison county for judgment and order of sale against the property of the appellee, the St. Louis Merchants Bridge Company, for delinquent taxes for the year 1916. Due notice of the application was given and appellee appeared and filed objections, which were sustained and an order entered abating the tax. This appeal followed.

The appellee, the St. Louis Merchants Bridge Company, is the owner of a bridge which crosses the Mississippi river between St. Louis, Missouri, and Venice, in Madison county, this State. The east half of the bridge and approaches belonging to appellee are situated in the town of Venice. In the year 1915 the local assessor for that town assessed the full value of the portion of the property in that township at $1,500,000 and the assessed value at $500,000. Objections were filed by appellee to the assessment with the board of review of Madison county, alleging the assessment as made by the local assessor was excessive. A hearing was had before such board at its quadrennial session for

1915 and an order entered revising and reducing the assessment, by which the full value of the property was fixed at $700,005 and the assessed value at $233,335. Thereafter, in the year 1916, complaint was filed before the board of review by Joseph P. Streuber, who has since been elected State's attorney of that county, representing that appellee's property was improperly and incorrectly assessed too low and asking that a hearing be had upon the question of revising and correcting the assessment of the property. Due notice was given of the hearing, at which appellee appeared by its attorneys and protested against such hearing on the ground that the board of review had no jurisdiction to revise an assessment which had been made and fixed at the prior quadrennial session of the board of review, as no changes had taken place in the value of the property subsequent to the valuation as fixed at such quadrennial session. The protest was overruled and the board of review proceeded with the hearing, at the conclusion of which it again fixed the full value of appellee's property at $1,500,-000 and its assessed value at $500,000. The taxes were extended against the property of appellee accordingly.

It is conceded that appellee has paid all taxes assessed against its property based upon an assessed valuation of $233,335, as fixed by the board of review for the year 1915, and that it has refused to pay the balance of the tax assessed on its value as fixed by that board at the hearing held in 1916. The substance of the objections upon which it based its refusal to pay the balance of the tax is: (1) That its property was duly and legally assessed in the quadrennial year 1915; that no improvements have been made on the property since that date or change made in its value by reason of alterations in or additions to the improvements, and that the board of review for the year 1916 had no jurisdiction or authority to increase the assessment upon the complaint of the tax-payer after the same had been fixed by the board of review in the quadrennial year

1915, and that the fixing of the value of its property at such time was a full and complete determination and adjudication of the value of the property for taxation for the year 1915 and the succeeding three years unless some change was made in its value by reason of alterations or additions to the improvements; (2) that if the board of review had the right to change and revise the assessment in 1916, the revision was made in such an arbitrary manner as to amount to a fraudulent assessment of its property, and that the assessment as made was not based upon any reasonable valuation of its property but upon an arbitrary and unreasonable valuation and is so grossly excessive as to amount to fraud.

When the matter came on for hearing before the court the State's attorney moved the court for a change of venue from the county judge on the ground of the prejudice of said judge and because his interest in the subject matter involved in the suit was such as to disqualify him from hearing the cause. In support of his motion he filed his affidavit, from which it appears that the trial judge, Henry B. Eaton, and Christ H. Kunnemann, were indicted by the grand jury of Madison county, at the January term, 1917, of the circuit court of that county, for the crime of conspiracy in attempting to prevent the board of review of such county, in the year 1916, from raising the assessed value of appellee's property, and that such indictment was still pending and undisposed of in the circuit court of that county at the time this cause came on for hearing. He also filed the affidavit of Joseph Heiens, who was a member of the board of review of that county for the year 1916, from which it appears that while such board was in session Eaton urged and requested affiant, as a member of such board, to vote against the proposition of raising the assessed valuation of the property of appellee as fixed by the board of review of said county for the year 1915, and that he had also read the affidavit of the State's attorney and that the

statements therein made were true. A proper petition for change of venue was also filed, subscribed by the county collector of that county. The motion was denied and the cause proceeded to trial before the judge whose impartiality was challenged by such motion and affidavits.

Appellee insists that there was no error in refusing the change of venue for the reason that a proceeding for the collection of a tax is a special statutory proceeding and not a suit either at law or in equity, within the terms of the provisions of section 1 of chapter 146 of the statutes of this State, entitled "Venue." That section provides, among other things, that a change of venue may be granted in any suit or proceeding in law or in equity, including proceedings for the exercise of the right of eminent domain, where the judge is a party to or interested in the suit or his testimony is material to either party or he is related to or shall have been counsel for either party to the controversy, in any of which cases a change of venue may be granted, either with or without the application of either party. As the statute makes no mention of proceedings for the collection of a tax, appellee insists that the People are not entitled to a change of venue in such a proceeding under the showing made in this case. While it is true that this proceeding for the collection of a tax is a special statutory proceeding, it is also true that it is a civil suit or proceeding for the collection of a debt, for which an action of debt would lie at common law before the adoption of our present constitution. (*Ryan* v. *Gallatin County,* 14 Ill. 78; *Town of Geneva* v. *Cole,* 61 id. 397; *People* v. *Davis,* 112 id. 272.) Such action may still be maintained under our present statute, which provides for the institution of a suit by the county board in an action of debt for the collection of taxes due on forfeited property. (Hurd's Stat. 1916, chap. 120, sec. 230.) The proceeding by the county collector for judgment and order of sale is a civil proceeding at law for the collection of such tax. There can be

no question but that had the People proceeded in an action of debt they would have been entitled to a change of venue on the showing made. We can see no reason why the same rule should not apply in this case. The same reason would exist for granting a change of venue in one case that would exist in the other. Where the same reason exists the same rule should be applied.

In *People* v. *Smith*, 281 Ill. 538, we held that a proceeding for the confirmation of a special assessment is a civil proceeding at law and that a change of venue might be granted from the county in a proper case. We there pointed out that the judge before whom the proceeding was pending might be a party to such litigation, interested in the suit as a party or witness, or otherwise, because of having been of counsel for one of the parties to such litigation, and therefore disqualified from hearing the cause. What is there said is applicable here. It is now a universally recognized principle of law that no person should sit as judge in his own case or one in which he is materially interested, and that bias or prejudice is ground for disqualifying a judge from hearing a cause. Even in those States in which prejudice does not constitute a ground of disqualification, where the charge is made and the facts alleged indicate the existence of prejudice the court will carefully scrutinize the record to see that no injustice has been done. (23 Cyc. 583.) Statutes of this character are designed to afford every litigant a fair and impartial trial before an unbiased judge. The spirit of our laws demands that every case should be fairly and impartially tried, and no judge should think of presiding at the trial of a case in which his good faith in so doing is open to such serious question as that presented by the record here. The charges made are of such a character as to be a serious reflection upon the impartiality of the presiding judge, and, whether true or false, were of such a character as to make it imperative that a change of venue be granted from such judge.

As to the objections urged to the validity of the tax, the first ground urged is that the board of review, after the tax had been fixed at the quadrennial session in 1915, had no power, upon due notice to the party assessed, to change the assessment in the absence of a showing of a change in the value of the property by reason of alterations or additions to such property. This question was fully considered in *People* v. *St. Louis Bridge Co.* 281 Ill. 462, where we held the board of review had such power. In that case the various provisions of the statute bearing upon this question, and previous decisions of this court construing such statutes, were very carefully considered and our views fully stated. A further examination and consideration of the question leads us to but re-affirm what we have there said. The objections made on this ground were not well taken and should have been overruled.

As to the questions raised by the other objections, namely, that appellee's property was assessed in an arbitrary and unreasonable manner, upon an unreasonable basis, and that the assessment made is so excessive and unjust as to amount in law to fraud, those questions are largely of fact, and as we must reverse the cause on other grounds for a further hearing, we will express no opinion at this time upon those questions.

Other questions are also raised and argued by appellant, but as they relate to the refusal to admit evidence intended to show fraud in the action of the board of review at the quadrennial session in 1915 in reducing the assessment, and are questions which are not apt to arise again, we see no necessity for considering them at this time.

For the reasons given the judgment must be reversed and the cause remanded, with directions to the trial court to grant the petition for a change of venue from the presiding judge and call in some other judge to hear the cause, and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*