(No. 39114.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE WILSON, Appellant.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

LAWRENCE GUNNELS, of Chicago, appointed by the court, for Appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Attorney General, and Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

This appeal is from the denial of a post-conviction petition in the circuit court of Cook County. The defendant, George Wilson, was indicted jointly with Allen Golson and William Perkins for the murder of two postal inspectors in Chicago. After his motion for a severance was denied, he entered pleas of guilty and was sentenced to death. This judgment was affirmed by this court. (*People* v. *Wilson,* 29 Ill.2d 82.) Golson and Perkins were tried by a jury, convicted and sentenced to the penitentiary, which judgments were also affirmed. *People* v. *Golson,* 32 Ill.2d 398.

Defendant's post-conviction petition contended that (1) his attorney's simultaneous representation of two co-defendants whose interests were in direct conflict with his, deprived him of effective assistance of counsel, and (2) that the remarks and conduct of the trial judge improperly induced the defendant to plead guilty. Among other allegations, the petition specifically states: "He [Wilson's attorney] then returned to the trial judge [Judge Canel] who told him that if he would plead Golson and Perkins guilty he would give them 199 years; that if petitioner would proceed to trial by jury he would surely get the death penalty; that if petitioner would take a bench trial, he would consider imposing the death penalty; that if petitioner would plead guilty the court would not promise what sentence it would impose but that the petitioner would be better off pleading guilty; that the court was 'personally' against capital punishment and that was in petitioner's favor."

His petition was assigned for hearing to Judge Canel, the same trial judge who had accepted defendant's plea and

sentenced him to death. The same judge had also presided at the trials of Golson and Perkins. Defendant promptly filed a verified petition for change of venue seeking reassignment to another judge. The petition for change of venue stated that some of the allegations of the post-conviction petition related to matters "wherein the personal knowledge and/or testimony of the Honorable David A. Canel may be material and relate to charges of improper conduct by the court itself." The petition also alleged prejudice of the judge against the defendant. The petition for change of venue was denied, and the post-conviction petition was thereafter heard by Judge Canel and denied.

Defendant, while arguing that the record clearly requires his conviction and sentence be set aside, also contends that the trial judge erred in the denial of his petition for change of venue which was timely filed and complied with both section 1 (applying to civil proceedings) and section 18 (applying to criminal proceedings) of the Venue Act. Ill. Rev. Stat., 1965, chap. 146, pars. 1, 18.

It is true that in civil or criminal matters, when a petition for change of venue and assignment to another judge is timely filed in due form, the right to a change is absolute and the petition should be granted. (*People* v. *Moore,* 26 Ill.2d 236; *People* v. *Mosley,* 24 Ill.2d 565; *People* v. *Wallenberg,* 24 Ill.2d 355; *People ex rel. Little* v. *St. Louis Merchants Bridge Co.,* 282 Ill. 408.) However, the remedy provided by the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—*et seq.*), does not fall strictly into the category of either a criminal or civil proceeding. The court stated in *People* v. *Bernatowicz,* 413 Ill. 181, 184: "As to the civil or criminal nature of a post-conviction proceeding, the remedy afforded by the Post-Conviction Hearing Act closely resembles that available under the common-law writ of error *coram nobis.* Both remedies perform the same specific, limited function—the review of an existing judgment,—first by the court which entered it and

subsequently by a reviewing court. In each case, the scope of review is limited to specific types of error. The post-conviction proceeding reviews to determine the existence of alleged deprivations of constitutional rights; the common-law writ and its statutory substitute review to determine the existence of certain familiar categories of facts unknown to the trial court. In our opinion, a proceeding under the Post-Conviction Hearing Act is civil in character, just as is a writ of error *coram nobis,* even though the judgment to which it is directed was entered in a criminal case. *People* v. *Touhy,* 397 Ill. 19."

However, historically, the right to a change of venue was not absolute in a *coram nobis* proceeding. (*Chapman* v. *North American Life Ins. Co.,* 292 Ill. 179.) In *People* v. *Sheppard,* 405 Ill. 79, defendant argued that a change of venue was mandatory upon filing of a proper petition in a *coram nobis* proceeding. The court rejected this contention stating at 405 Ill. 81-82: "Defendant's point is that a mandatory duty rested upon the trial judge to grant a change of venue for either of two reasons, first, because section 18 of the Venue Act is applicable if the *coram nobis* proceeding be deemed a criminal case and, secondly, section 1 controls if the proceeding be deemed civil in its nature. The form of the petition was proper and it was presented in apt time. It does not follow, however, that a defendant's right to a change of venue in a *coram nobis* action is absolute. From the very nature of *coram nobis* proceedings, the errors sought to be corrected are errors of fact. The trial judge who heard the cause in the first instance presumably would know whether the facts sought to be presented in the supplementary proceeding are facts which were unknown to the court at the time judgment was entered and which, if known, would have precluded the entry of judgment. A reasonable construction of section 72 of the Civil Practice Act, to the extent it provides that all errors in

fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by the writ of error *coram nobis,* 'may be corrected by the court in which the error was committed,' is that the motion in the nature of a writ of error *coram nobis* should be presented to the same judge who rendered the original judgment."

While ordinarily the right to a change of venue in a Post-Conviction Proceeding is not absolute, we think that in certain circumstances a trial judge should recuse himself when it appears that he may be biased or may be a potential witness. (See section 1.4 of Standards Relating to Post-Conviction Remedies, recommended by the Advisory Committee on Sentencing and Review of the American Bar Association, Jan., 1967.) In the present case defendant alleges certain *in camera* conversations between his attorney and the trial judge which may be material to a determination of his rights. It would seem that either the trial judge would be a material witness to these proceedings, or would have knowledge *de hors* the record of the truth or falsity of these allegations. Considering the entire record, and the fact that defendant is sentenced to death, we feel that the trial judge should have recused himself, and that it was an abuse of discretion to fail to do so.

Because of this error, the order denying the post-conviction petition must be reversed and the cause remanded to the trial court with directions to transfer the proceeding to another judge.

Defendant, however, contends that the record before us requires a vacation of his conviction and sentence by this court without remandment. We do not agree. As we view the record before us, factual questions appear in the post-conviction proceedings which must be resolved in the trial court in the first instance in accordance with the provisions of the Post-Conviction Hearing Act.

622

The order of the trial court is reversed and the cause remanded to the circuit court of Cook County for further proceedings.                    *Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.