THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD W. BURTON, Defendant-Appellant.

Fourth District   No. 4—82—0029

Opinion filed August 26, 1982.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's
Office, of Springfield, for appellant.

Robert J. Bier, Special Prosecutor, of Quincy, for the People.

JUSTICE WEBBER delivered the opinion of the court:
Defendant was convicted of the offense of murder in the circuit
court of Adams County in 1979. He appealed to this court which af-
firmed the conviction. (*People v. Burton* (1980), 86 Ill. App. 3d 1199
(Rule 23 order).) Subsequently, in 1981, he filed a post-conviction peti-
tion (Ill. Rev. Stat. 1979, ch. 38, par. 122—1) and it was dismissed on
motion of the People by Judge Dittmeyer. Defendant appealed the dis-
missal to this court which docketed the appeal. Shortly thereafter, the
People confessed error in that defendant's appointed counsel had not
filed the certificate required by Supreme Court Rule 651(c) (87 Ill. 2d
R. 651(c)). This court by a short order allowed the confession and re-
manded the case to the trial court with directions to allow the defend-
ant to file a new post-conviction petition and to appoint new counsel.

Upon remand new counsel was appointed and leave was granted to file an amended petition. In the record there appear two letters; one, from newly appointed counsel to defendant asking for directions as to whether to refile the former petition or to file an amended one; and two, a reply from defendant directing that the former petition be refiled along with a motion for substitution from Judge Dittmeyer.

The motion for substitution, supported by affidavit, was filed. The affidavit is purely conclusory, stating in part that Judge Dittmeyer heard the prior motion to dismiss and that his ruling was reversed by the appellate court. Judge Dittmeyer heard and denied the motion for substitution.

On the same day as the denial of the motion for substitution, appointed counsel filed a new post-conviction petition. The original one, drafted *pro se* by defendant, was prolix but in essence argued that the evidence was not sufficient to prove his guilt beyond a reasonable doubt. The new petition reiterated this allegation and added an element of improper instructions. The People filed a motion to dismiss the new petition, alleging that the matters contained therein were either *res judicata* based on our Rule 23 order, or waived by not being raised on the original appeal. Judge Dittmeyer allowed the motion to dismiss and this appeal followed.

In this court defendant has raised only one issue: that it was improper for Judge Dittmeyer to hear the motion for substitution when he was the judge named in the motion.

■ The parties have argued the matter in this court in the context of section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(c)). We believe that they have overlooked the nature of post-conviction relief. In *People v. Wilson* (1967), 37 Ill. 2d 617, 230 N.E.2d 194, the supreme court, citing considerable prior authority, held that post-conviction proceedings were civil in character. It therefore follows that a substitution of judge must meet the requirements of the venue act (Ill. Rev. Stat. 1979, ch. 110, par. 501 *et seq.*). That act provides that there may be a substitution of judge if the judge is prejudiced against the moving party, provided that the motion therefor is made before that judge has ruled on any substantial issue. The obvious purpose of this requirement is to prevent forum shopping.

■ In the case at bar defendant alleged in his affidavit that Judge Dittmeyer's original order of dismissal had been reversed by this court. That is not true. This court dismissed the appeal and remanded the case on confession of error upon a technical point, *i.e.*, the failure of defense counsel to provide a necessary certificate of

compliance. This court has never addressed the merits of defendant's post-conviction petition as originally filed, and the merits of the substituted petition have not been appealed. It follows that Judge Dittmeyer's ruling of dismissal of the original petition has never been disturbed and still stands as a ruling of substance.

Defendant points out that section 114—5(c) requires that the motion be heard by a judge not named in the motion. We have already indicated that that section does not apply in the instant case and no such provision appears in the venue act which controls these proceedings. In fact, the very nature of the provisions of the venue act demand that the motion be presented to the judge named in the motion. Compare *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 371 N.E.2d 232.

It was not improper for Judge Dittmeyer to entertain the motion for substitution. *Wilson* points out that there may be circumstances in which a judge should recuse himself from hearing a post-conviction petition. None such is present here. There has been no evidence presented in support of the petition at any time; all of Judge Dittmeyer's rulings have been solely on the legal sufficiency of it and none of those rulings has been disturbed.

The action of the circuit court of Adams County was not improper and it is affirmed.

Affirmed.

GREEN, P. J., and TRAPP, J., concur.