No. 2--06--0821          Filed:  12-21-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WILLIE L. GIBSON, | ) | Appeal from the Circuit |
| | ) | Court of Lake County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 01--CF--3007 |
| | ) | |
| THE PEOPLE OF THE STATE OF | ) | |
| ILLINOIS, | ) | Honorable |
| | ) | Victoria A. Rossetti, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Petitioner, Willie L. Gibson, appeals the trial court's order summarily dismissing his petition for postconviction relief, pursuant to section 122--2.1(a)(2) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--2.1(a)(2) (West 2004)).  Petitioner contends that his petition was improperly dismissed and should have been considered pursuant to sections 122--4 through 122--6 of the Act (725 ILCS 5/122--4 through 122--6 (West 2004)) because the trial court failed to dismiss his petition within 90 days of filing and docketing.  We reverse and remand.

On December 28, 2005, petitioner filed a pro se petition for relief under the Act (see 725 ILCS 5/122--1 et seq. (West 2004)).  On that date, petitioner also filed a motion asking that his petition be heard by a judge other than Judge Victoria Rossetti because the petition alleged her misconduct as the trial judge.  On January 26, 2006, petitioner filed a handwritten document reiterating many of the claims he made in his petition and in his motion for substitution of judge.

On February 28, 2006, Judge Rossetti transferred the matter to Judge Christopher Starck. On March 3, 2006, Judge Starck reviewed the handwritten January 26 document and stated that, although it contained some "bland references to a substitution from Judge Rossetti," more specific allegations were contained in the December 28, 2005, petition. Judge Starck determined that "the document on January 26th apparently is more of a letter." Judge Starck continued the matter to review the December 28, 2005, petition. After two more continuances, Judge Starck ordered petitioner to appear in court to present argument on his motion for substitution of judge.

On April 26, 2006, Judge Starck conducted a hearing on petitioner's motion for substitution of judge. Following argument, Judge Starck denied petitioner's motion and returned the case to Judge Rossetti.

On June 26, 2006, Judge Rossetti entered a written order summarily dismissing petitioner's postconviction petition, finding that each of the claims was waived, barred by res judicata, or otherwise without merit. Petitioner timely appeals following the denial of his motion to reconsider.

Petitioner contends that the order of summary dismissal was void under the Act because it was rendered more than 90 days after the date the petition was filed and docketed, in this case December 28, 2005. Because of the trial court's failure to timely rule on the petition, petitioner argues that his petition should have been considered pursuant to sections 122--4 through 122--6 of the Act. This issue presents a question regarding the interpretation of a statute; thus, our review is de novo. People v. Donoho, 204 Ill. 2d 159, 172 (2003). Additionally, we review de novo the trial court's dismissal of a postconviction petition without an evidentiary hearing. People v. Simms, 192 Ill. 2d 348, 360 (2000).

Section 122--2.1 of the Act provides in relevant part:

"(a) Within 90 days after the filing and docketing of each petition the court shall examine such petition and enter an order thereon pursuant to this Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition \*\*\*. \*\*\*

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122--4 through 122--6." 725 ILCS 5/122--2.1(a)(2), (b) (West 2004).

This statutory period of 90 days is mandatory, and the trial court's failure to comply with this requirement renders its dismissal order void. People v. Brooks, 221 Ill. 2d 381, 389 (2006), citing People v. Porter, 122 Ill. 2d 64, 86 (1988); see also People v. Vasquez, 307 Ill. App. 3d 670, 672 (1999).

In the present case, petitioner's petition for postconviction relief was filed on December 28, 2005, and the trial court's ruling was entered on June 26, 2006. The trial court's ruling was clearly more than 90 days past the date of filing, and therefore petitioner was entitled to have his petition considered under sections 122--4 through 122--6 of the Act. See Vasquez, 307 Ill. App. 3d at 673. Even if we were to consider petitioner's January 26, 2006, filing as an amended petition, the trial court's June 26, 2006, ruling was still beyond the 90 days permitted under the statute. See People v. Watson, 187 Ill. 2d 448, 451 (1999) (holding that, when an amended postconviction petition is filed during the initial 90-day period, the 90-day period restarts and the trial court has 90 days from the date of the filing of the amended petition to determine whether it is frivolous or patently without merit).

The State responds, without citation to authority, that because petitioner also filed a motion requesting a substitution of judge, the postconviction petition could not be considered until it was determined which judge could properly consider the petition. The State concludes that the petition could not be "docketed" until the substitution motion was decided and that the 90-day period did not begin until after April 26, 2006.

Beyond its lack of authority, the State's position is meritless for two reasons. First, the Illinois statutory provisions relating to substitutions of judges do not apply in postconviction proceedings. People v. Thompkins, 181 Ill. 2d 1, 22 (1998), citing People v. Wilson, 37 Ill. 2d 617, 619-21 (1967). Our supreme court has recognized some circumstances in which trial judges should recuse themselves because of bias or prejudice in postconviction proceedings. Thompkins, 181 Ill. 2d at 22, citing Wilson, 37 Ill. 2d at 621; People v. Del Vecchio, 129 Ill. 2d 265, 274 (1989). "[O]nly under the most extreme cases is disqualification on the basis of bias or prejudice constitutionally required." Thompkins, 181 Ill. 2d at 22, citing People v. Coleman, 168 Ill. 2d 509, 541 (1995). Even so, in none of the foregoing cases does the filing of a motion for substitution of judge toll or extend the provisions of section 122--2.1 of the Act, and we decline to hold otherwise.

Second, in Brooks, our supreme court stated that "[t]o 'docket' requires that the cause be entered in an official record." Brooks, 221 Ill. 2d at 391. Here, petitioner's pro se postconviction petition was stamped "Filed" by Sally D. Coffelt, circuit clerk, on December 28, 2005. Under the principles announced in Brooks, petitioner's case was docketed as of December 28, 2005, and was required to have been examined within 90 days (see 725 ILCS 5/122--2.1(a) (West 2004)) or, in the event the January 26, 2006, document was considered to be an amended postconviction petition, within 90 days of that date (see Watson, 187 Ill. 2d at 451).

Because the trial court acted on petitioner's postconviction petition beyond the 90-day deadline for summary dismissal, it acted without authority. Consequently, petitioner was entitled to have his petition considered under sections 122--4 through 122--6 of the Act, and we remand this case for that purpose.

For the foregoing reasons, we reverse the order of the circuit court of Lake County dismissing petitioner's postconviction petition, and we remand the case for further proceedings.

Reversed and remanded.

McLAREN and BYRNE, JJ., concur.