# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. McCaskill*, 2012 IL App (1st) 110174

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE McCASKILL, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-11-0174 |
| Filed | August 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's postconviction petition more than 90 days after it was stamped "Filed" by the clerk of the circuit court was void and defendant was entitled to have his petition docketed for consideration under the Post-Conviction Hearing Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-21390; the Hon. William J. Kunkle, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of
State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary
P. Needham, and Joan F. Frazier, Assistant State's Attorneys, of counsel),
for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Quinn and Justice Cunningham concurred in the
judgment and opinion.

## OPINION

¶ 1     Petitioner, Andre McCaskill, appeals the order of the circuit court dismissing his first-stage postconviction petition as frivolous and patently without merit. On appeal, McCaskill contends (1) the court's summary dismissal of his petition was void for failure to enter the order within 90 days of the filing and docketing date; alternatively, the clerk failed to file and docket the petition promptly as required by statute; (2) the trial court erred in dismissing his petition because it stated a cognizable claim of ineffective assistance of appellate counsel for failing to challenge the trial court's denial of his motion to quash the arrest and suppress evidence; and (3) his petition sufficiently stated a cognizable claim of ineffective assistance of trial counsel for not allowing McCaskill to testify at trial. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.

¶ 2                                    JURISDICTION

¶ 3     McCaskill filed notice of his direct appeal in accordance with article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 603 and 606, governing appeals from a final judgment of conviction in a criminal case entered below. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 603 (eff. Oct. 1, 2010); R. 606 (eff. Mar. 20, 2009). McCaskill now appeals the trial court's summary dismissal of his postconviction petition. This court therefore has jurisdiction pursuant to Illinois Supreme Court Rule 651(a) (eff. Dec. 1, 1984).

¶ 4                                    BACKGROUND

¶ 5     At McCaskill's bench trial, Lamberto Rivera testified that on August 26, 2006, he was walking in the area of South Troy and 61st in Chicago when two men confronted him. The taller offender grabbed him from behind and twisted Rivera's right arm behind his neck. Meanwhile, the shorter offender searched Rivera's pants pockets for money. Alexander Pitts testified that he sat in a parked car near the same intersection and observed a black male

-2-

approach Rivera from behind. The two struggled and started coming toward Pitts' car. He honked his horn and told them to go away. Pitts then turned around and saw a shorter black male run past his car. Pitts shouted at his fiancée to call the police. He saw the shorter male go through Rivera's wallet and take out money. As Pitts headed toward the offenders, they ran south and then west onto 61st Street.

¶ 6     When police arrived Rivera and Pitts gave them a description of the offenders. Approximately 15 minutes later, another patrol car brought McCaskill back to the intersection for identification. Both Rivera and Pitts identified McCaskill as the taller offender.

¶ 7     The trial court found McCaskill guilty of robbery, subsequently denied his motion for a new trial, and sentenced him to 15 years' imprisonment. McCaskill filed a notice of appeal in which he argued that the identifications by Rivera and Pitts were not sufficient to prove him guilty beyond a reasonable doubt. This court, in an unpublished Rule 23 order, affirmed McCaskill's conviction in *People v. McCaskill*, No. 1-07-2978 (2009) (unpublished order pursuant to Supreme Court Rule 23).

¶ 8     McCaskill filed a *pro se* postconviction petition. His petition was marked "Filed" by Dorothy Brown, the clerk of the Cook County circuit court, on February 16, 2010. The petition appeared on circuit court Judge Victoria A. Stewart's call list on June 2, 2010. On August 6, 2010, the trial court summarily dismissed McCaskill's petition at the first stage on the basis that it was frivolous and patently without merit. McCaskill then filed a late notice of appeal, which this court allowed.

¶ 9                                    ANALYSIS

¶ 10    McCaskill contends the trial court improperly dismissed his petition because it did so more than 90 days after the clerk's office filed and docketed his petition in violation of section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2006)). He argues that his petition was docketed on February 16, 2010, the date the clerk of the circuit court stamped "Filed" on his petition. The State, however, contends that the correct docketing date was June 2, 2010, the date McCaskill's petition was placed on Judge Stewart's call. We review an issue involving the interpretation of a statute *de novo*. *People v. Donoho*, 204 Ill. 2d 159, 172 (2003).

¶ 11    Section 122-1 of the Act states that a postconviction proceeding "shall be commenced by filing with the clerk of the court in which the conviction took place a petition *** verified by affidavit. *** The clerk shall docket the petition for consideration by the court pursuant to Section 122-2.1 upon his or her receipt thereof and bring the same promptly to the attention of the court." 725 ILCS 5/122-1(b) (West 2006). Section 122-2.1 provides:

"(a) Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

* * *

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4

through 122-6." 725 ILCS 5/122-2.1 (West 2006).

The 90-day time period of section 122-2.1 is mandatory, not directory, and a trial court's noncompliance with the provision renders its summary dismissal of the petition void. *People v. Porter*, 122 Ill. 2d 64, 86 (1988). Furthermore, if the trial court fails to act within the 90-day period, the provision requires the court to docket the petition for further proceedings pursuant to sections 122-4 through 122-6 of the Act. *People v. Vasquez*, 307 Ill. App. 3d 670, 673 (1999).

¶ 12     In *People v. Brooks*, 221 Ill. 2d 381 (2006), our supreme court addressed this very issue. In *Brooks*, the clerk of the circuit court received the notice of filing of defendant's petition on September 13, 2002. The notice of filing and defendant's petition were both stamped "Filed" by Dorothy Brown, clerk of the circuit court, on September 20, 2002. The case was then assigned to Judge Dernbach on September 30, 2002, and Judge Dernbach summarily dismissed the petition on December 18, 2002. *Id.* at 389-90. The *Brooks* court reasoned that the "verb 'docket' connotes more than the mere act of receiving the petition" and "requires that the cause be entered in an official record." *Id.* at 391. However, it also determined that the term does not require the case to be "placed on a specific call of a judge." *Id.* The supreme court concluded that the "plain meaning of the word connotes that the cause is entered on the court's official docket for further proceedings." *Id.* It held that the date defendant's petition was filed and docketed for purposes of section 122-2.1 was September 20, 2002, when the clerk entered the petition into the case file to be set for further proceedings. *Id.* See also *Gibson v. People*, 377 Ill. App. 3d 748, 750 (2007) (date petition was stamped "Filed" by the clerk was the date it was filed and docketed under section 122-2.1 of the Act).

¶ 13     In the case at bar, McCaskill's postconviction petition was stamped "Filed" by Dorothy Brown, clerk of the Cook County circuit court, on February 16, 2010. Therefore, for purposes of section 122-2.1, his petition was filed and docketed on February 16, 2010. The trial court summarily dismissed McCaskill's petition on August 6, 2010, more than 90 days after the petition was filed. Therefore, the dismissal is rendered void and McCaskill is entitled to have his petition considered under sections 122-4 through 122-6 of the Act.

¶ 14     The State disagrees, arguing that the receipt of a petition cannot also be the filing and docketing date under the Act. It further argues that the only date appearing on the matter afterwards is the date the petition was placed on Judge Stewart's call, June 2, 2010. The State maintains that June 2, 2010, was the relevant date of filing and docketing and the trial court's dismissal on August 6, 2010, came within the 90-day time limit. However, in *Brooks* the defendant's petition was also marked "Filed" by Dorothy Brown. Our supreme court determined that the "Filed" date indicated that the clerk entered the petition into the case file and was the proper date for purposes of the section 122-2.1. *Brooks*, 221 Ill. 2d at 391. Likewise, McCaskill's petition was marked "Filed" by Dorothy Brown on February 16, 2012, which, following *Brooks*, was the date the petition was filed and docketed under section 122-2.1. We are not persuaded by the State's arguments.

¶ 15     Due to our disposition of the case, we need not consider McCaskill's remaining contentions on appeal.

¶ 16    For the foregoing reasons, we hold that the trial court acted without authority when it summarily dismissed McCaskill's postconviction petition after the 90-day deadline mandated in the Act. Therefore, the dismissal is rendered void and McCaskill is entitled to have his petition docketed for further consideration in accordance with sections 122-4 through 122-6 of the Act. See 725 ILCS 5/122-2.1 (West 2006). We reverse the order of the trial court and remand the cause for further proceedings.

¶ 17    Reversed and remanded.