2021 IL App (1st) 200451-U

No. 1-20-0451

Order filed July 13, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 25129 |
| | ) | |
| RONALD NOBLE, | ) | The Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1      *Held*:    When no order was entered on defendant's postconviction petition within 90 days of its filing and docketing, the petition must advance to the second stage.

¶ 2      Defendant Ronald Noble appeals from the summary dismissal of his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, he contends this cause must be remanded for further proceedings under the Act

because the petition was not ruled upon within 90 days of its filing. We remand for further proceedings under the Act.

¶ 3    On June 2, 2010, defendant entered a negotiated plea of guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) and was sentenced to 28 years in prison. The factual basis provided that defendant and a co-offender had a financial dispute with the victim and picked up the victim on November 3, 2007, planning to rob him. The victim was fatally shot, and defendant gave several inculpatory statements.

¶ 4    In 2015, defendant filed a *pro se* petition for postjudgment relief (735 ILCS 5/2-1401 (West 2014)), which the circuit court denied. We denied his petition for leave to file a late notice of appeal. See *People v. Noble*, 1-16-2767 (Oct. 27, 2016) (dispositional order). The following year, defendant filed a second *pro se* petition for relief from judgment which was also denied. He did not appeal from that judgment.

¶ 5    On September 23, 2019, defendant filed his *pro se* postconviction petition in the circuit court seeking a new sentencing hearing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), when he was 17 years old at the time of the offense, his 28-year prison term was a "near" life sentence, and counsel was deficient for not "address[ing]" this issue. The petition further alleged that because defendant was a juvenile at the time of the offense, his sentence was not subject to the truth-in-sentencing statute and should be served at 50%.

¶ 6    On December 6, 2019, the court noted that defendant had filed a *pro se* motion to supplement the postconviction petition that was "filed stamped" by the clerk's office on November 20, 2019. The record on appeal contains neither this document nor a criminal disposition sheet for

December 6, 2019. The December 6, 2019 entry on the "Case Summary," however, states that the case was continued.

¶ 7     On January 24, 2020, the court noted that defendant

> "filed a motion to supplement his post-conviction petition. That motion was marked or it's stamped 'received' by the clerk's office, dated November 20, 2019.

> For some reason ***, that filing was not stamped as being filed. So I'm going to ask the clerk to stamp [defendant's] motion to supplement post-conviction petition marked filed today, January 24, 2020."

¶ 8     The court stated that it reviewed defendant's "filings," found them frivolous and patently without merit, and denied postconviction relief. The circuit court's written order states, relevant here, that defendant's initial petition was filed on September 23, 2019, and that the clerk received a " 'Supplemental Petition for Post-Conviction Relief' " on November 20, 2019, which "restart[ed]| the 90-day period during which the court may dismiss the petition as frivolous or patently without merit."

¶ 9     The criminal disposition sheet for January 24, 2020, states that defendant's motion to supplement the postconviction petition was "marked as filed" January 24, 2020, and that defendant's motion is dismissed. Defendant filed a timely notice of appeal.

¶ 10     On appeal, defendant contends that the cause must be remanded for further proceedings under the Act when his *pro se* postconviction petition was not ruled upon within 90 days of its filing and docketing. Defendant raises no argument regarding the merits of his petition, and the only question raised by either party is whether the circuit court's summary dismissal complied with the Act.

¶ 11     The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of proceedings, a defendant files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or is patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 12     When the circuit court summarily dismisses a postconviction petition, the Act provides that the court must enter a "written order" within 90 days of the "filing and docketing" of the petition. 725 ILCS 5/122-2.1(a)(2) (West 2018). The 90-day period is mandatory, not directory. *People v. Brooks*, 221 Ill. 2d 381, 389 (2006). The written order should specify "the findings of fact and conclusions of law [the court] made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018). "Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." *Id.* The court's judgment is considered entered on the date it is entered of record. *People v. Perez*, 2014 IL 115927, ¶ 15 (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)). If an order is not entered within 90 days, the petition advances to the second stage of proceedings under the Act. *Id.* ¶ 29.

¶ 13     Here, defendant's petition was filed and docketed on September 23, 2019. However, the circuit court did not summarily dismiss the petition until January 24, 2020, which was outside the 90 days mandated by the Act. 725 ILCS 5/122-2.1(a)(2) (West 2018). Accordingly, because no

order was entered within 90 days of the petition's filing, this cause must be remanded for further proceedings under the Act. See 725 ILCS 5/122-2.1(b) (West 2018); *Perez*, 2014 IL 115927, ¶ 29.

¶ 14    The State, however, argues that the cause was properly dismissed on January 24, 2020, because defendant filed a *pro se* motion to supplement the petition on November 20, 2019, the 74th day of the initial 90-day period, which restarted the period during which the petition may be summarily dismissed. The State therefore concludes that the dismissal complied with the Act.

¶ 15    In *People v. Watson*, 187 Ill. 2d 448, 451 (1999), our supreme court held that the filing of an amended postconviction petition restarts the 90-day period. In that case, the defendant filed an amended petition on the 88th day of the initial 90-day time period. Within 90 days thereafter, the circuit court dismissed the amended petition as frivolous or patently without merit. On appeal, the defendant argued that the circuit court was not authorized to summarily dismiss the amended petition more than 90 days after the filing of the original petition.

¶ 16    Our supreme court disagreed, holding that the 90-day period restarted when the defendant filed his amended petition. *Id*. The supreme court held that the legislature had authorized a circuit court considering a postconviction petition to allow amendments to the petition and that it would be unreasonable to require the circuit court to rule on an amended petition within the period for considering the original petition. *Id*. Were the defendant's position followed, the circuit court would have only two days to examine the amended petition. *Id.* The supreme court concluded this would be inadequate and unfair, and held the 90-day period for examining the amended petition and ruling thereon is calculated from the filing of the amended petition. *Id.*

¶ 17    The State is therefore correct that the filing of an amended petition restarts the 90-day period. However, that restart only occurs if the amendment is filed within the initial 90-day period.

*People v. Volkmar*, 363 Ill. App. 3d 668, 673 (2006) (finding that the 90-day period could be extended under *Watson* only if an amendment to the petition occurred during the initial 90 days).

¶ 18     Thus, whether the motion to supplement the petition was filed within the initial 90 days controls the outcome of this appeal. If the supplemental filing occurred after the expiration of the 90-day period, the cause has already advanced to second-stage proceedings by operation of law and the court can no longer summarily dismiss it. See *id*. ("once the postconviction proceedings have advanced from the first stage to the second stage by virtue of the expiration of the 90-day period set forth in section 122-2.1 of the Act, the petition may not be summarily dismissed as frivolous or patently without merit").

¶ 19     Pursuant to the Act, "[w]ithin 90 days after the *filing and docketing* of each petition, the court shall examine such petition and enter an order thereon." (Emphasis added.) 725 ILCS 5/122-2.1(a) (West 2018). The dispositive issue is when that "key moment of docketing occurs." *People v. Begay*, 2018 IL App (1st) 150446, ¶ 46.

¶ 20     In *People v. Brooks*, 221 Ill. 2d 381 (2006), our supreme court examined when a petition is docketed for purposes of the Act. In that case, the defendant argued that a petition is docketed when the clerk of the circuit court stamps it " 'Received.' " *Id.* at 388-89. The court rejected that interpretation, finding that "[t]he plain meaning of the word connotes that the cause is entered on the court's official docket for further proceedings." *Id*. at 391. Applying that definition, the court found that the "defendant's postconviction petition was 'docketed' within the commonly understood meaning of the word * * * when the clerk of the court entered the petition into the case file and set it for a hearing." *Id.*

¶ 21    Here, although the motion to supplement is not included in the record on appeal, the circuit court stated that it was stamped "received" by the clerk's office on November 20, 2019. Moreover, on January 24, 2020, the circuit court noted that the motion was not "stamped as being filed," and asked the clerk to stamp it as filed "today." Thus, as in *Brooks*, the motion to supplement was not docketed within the meaning of the Act simply by virtue of the clerk's office stamping it "received." See *id.* ("the verb 'docket' connotes more than the mere act of receiving the petition"). Rather, it was "filed" on January 24, 2020, when the circuit instructed the clerk to stamp it as such.

¶ 22    Given that prior to January 24, 2020, there is no mention of the filing of a motion to supplement within the meaning of the Act, and according to the circuit court in its oral comments on December 6, 2019 and January 24, 2020, the document was only stamped "received" on November 20, 2019, we find that the date the document was "filed" as ordered by the circuit court should control because, under *Brooks*, the "received" date is not controlling. Rather, the document was "docketed" within the meaning of *Brooks* when it was filed. *Gibson v. People*, 377 Ill. App. 3d 748, 751 (2007); see also *People v. McCaskill*, 2012 IL App (1st) 110174, ¶¶ 13-14 (holding that a petition was docketed when it was stamped " 'Filed' " by the clerk of the court).

¶ 23    Having determined that the motion to supplement was filed on January 24, 2020, more than 90 days after the filing of the petition, it could not restart the 90-day period during which the circuit court could summarily dismiss the petition. See *Volkmar*, 363 Ill. App. 3d at 673 (finding that the 90-day period could be extended under *Watson* only if an amendment to the petition occurred during the initial 90 days). Accordingly, as no order was entered within 90 days of the filing and docketing of defendant's *pro se* postconviction petition, the cause must be remanded for further proceedings under the Act. See *People v. Lentz*, 2014 IL App (2d) 130332, ¶ 7 (because the Act's

90-day time requirement is mandatory, "if the *** court does not enter a summary dismissal within 90 days, it may not do so at all, and instead the petition must proceed to the second stage").

¶ 24    For the foregoing reasons, we find that the circuit court did not enter an order on defendant's postconviction petition within 90 days of its filing and docketing. We therefore reverse and remand for second stage proceedings.

¶ 25    Reversed and remanded.